[No. 10,594.—In Bank.]

## PEOPLE *v.* S. B. NELSON.

INDICTMENT—BURGLARY.—An indictment for burglary which charges that the defendant entered, etc., with intent to commit a felony, without stating what particular felony, does not state any offense.

APPEAL from a judgment and order denying a new trial in the Superior Court, Colusa County. HATCH, J.

*Jackson Hatch,* for Appellant.

The law does not recognize any such specific offense as fel-
ony. The indictment, therefore, does not show any criminal
intent. (*State* v. *Lockhart,* 24 Ga. 420; *Portwood* v. *State,*
29 Tex. 47.)

*B. F. Howard* and *J. Burckhalter,* also for Appellant.

*A. L. Hart,* Attorney-General, for Respondent.

The information states facts constituting burglary. If the
defendant wished a more specific or detailed statement, he
should have addressed his demurrer to that point.

SHARPSTEIN, J.:

The appellant was tried, convicted, and sentenced upon an
information of which the following is a copy:

" T. J. Hart, District-Attorney for said County of Colusa,
State of California, here in open Court, by this information
filed this 13th day of September, 1880, informs this Honor-
able Superior Court, that the crime of burglary was commit-
ted by Samuel Nelson, Charles Vickers, and James Herbert,
as follows: The said Samuel Nelson, Charles Vickers, and
James Herbert are hereby accused by the said District-Attor-
ney of Colusa County of the crime of burglary, committed on
the 25th day of August, 1880, at and in said County of
Colusa, and State of California, unlawfully, feloniously, and
burglariously, did forcibly enter the tent, room, and apart-
ment of one G. W. Miller, with the intent, then and there
to commit the crime of felony, contrary to the form, force,
and effect of the statute in such cases made and provided, and
against the peace and dignity of the People of the State of
California."

This appeal is from the judgment and the order denying
defendant's motion for a new trial.

It is claimed on behalf of the appellant that the facts
stated in the information do not constitute a public offense.
If they do not, the judgment must be reversed.

The only question which arises upon this point is whether
the information charges the defendant with the commission
of the crime of burglary. The Penal Code declares that

"every person who, in the nighttime, forcibly breaks and enters, or without force, enters through any open door, window, or other aperture, any house, room, apartment, or tenement, or any tent, vessel, water craft, or railroad car, with intent to commit grand or petit larceny, *or any felony,* is guilty of burglary." (Penal Code, 459.)

Is the charge in the information that the accused "unlawfully, feloniously, and burglariously did forcibly enter" the tent of the person named, "with the intent then and there to commit *the crime of felony,*" sufficient ? In other words, does it charge the commission of the crime burglary ?

There is no such distinctive crime as felony. There are several crimes, any one of which is a felony. These are all defined in the Penal Code. When it is said that a person has committed a felony, it is equivalent to saying that he has committed some one of several crimes. A charge that a person entered a house with the intent to commit a felony, would be supported by proof that he entered it with the intent to commit a burglary, because a burglary is a felony. But it probably never occurred to any one that a charge that a person had entered a house with the intent to commit the crime of burglary, would be sufficient, or that a conviction upon such a charge could be sustained.

The only material difference between the definition of burglary as given by Coke, Hawkins, and Blackstone, and that given in our Code, is that the latter makes it burglary to enter a house with intent to commit petit larceny, as well as a felony.

It is unnecessary to state that under the late rules applicable to criminal pleading this information would have to be held to be fatally defective. "But," as was said in *People* v. *Saviers* (14 Cal. 30), "our statutes have relieved the administration of criminal law of a good deal of unnecessary strictness of the English forms of criminal pleading. An indictment is good here if it give a statement of the acts constituting the offense in ordinary and concise language, and in such a manner as to enable a person of ordinary understanding to know what is intended. It must be direct and certain as to the party charged, the offense charged, and the particular cir-

cumstances of the offense charged, when they are necessary to constitute a complete offense."

The circumstance that the accused entered the tent with intent to commit petit larceny or some felony, was one which it was necessary to allege in this information. Was it necessary to allege an intent to commit a specific felony? It has uniformly been held that where an indictment charges an intent to commit one felony and the proof only shows an intent to commit another and different felony, the variance is fatal. But if the allegation of this information is sufficient, it would seem that such variance might be held to be immaterial. The difference between being misled, and left wholly in the dark, in regard to the charge which the prosecution might prove, is scarcely appreciable.

It is urged, however, on behalf of the people, that this objection could only have been taken advantage of by demurrer on the ground that the information "does not substantially conform to the requirement of §§ 950, 951, and 952" of the Penal Code: and that, by failing to demur on that ground, the defendant waived the objection. At first blush, that appears plausible enough, but it will hardly stand the test of a careful examination. An indictment or information which does not state facts sufficient to constitute a public offense, would not substantially conform to the requirement of those sections; and yet it could not be held that the objection that "the facts stated do not constitute a public offense" would be waived by not demurring to the information on the ground that it did not substantially conform to the requirement of those sections. And we are unable to perceive that a complaint, which substantially conformed to the requirement of those sections, would be demurrable upon any ground. If the facts stated in this information constitute the public offense of which the defendant was convicted, the judgment ought not to be disturbed upon the ground which we are now considering. But if the facts stated do not constitute a public offense, the judgment must be reversed; and, as it appears to us that the defendant was convicted of an offense with which he was not charged in the information, it follows that the conviction can not be sustained.

A large number of exceptions were taken to the rulings, charge, and instructions by the Court, which were embodied in a bill of exceptions, and made the basis of a motion for a new trial, which was denied; but the conclusion arrived at by this Court renders it unnecessary to pass upon them.

Judgment and order denying a new trial reversed, and cause remanded.

MORRISON, C. J., McKINSTRY, J., McKEE, J., and THORNTON, J., concurred.