STATE OF MISSISSIPPI *v.* CURTIS BUCHANAN.

1. CRIMINAL LAW. *Burglary.*

   Burglary consists of two essential elements, first, the breaking and entering of the house, and, second, the felonious intent to commit some crime therein.

2. CRIMINAL PROCEDURE. *Burglary. Indictment.*

   An indictment charging the burglarious breaking and entering of a house with intent to commit therein some crime to the grand jurors unknown, is fatally defective. Both elements of burglary must be laid in the indictment and both must be proved as laid.

FROM the circuit court, second district, Chickasaw county.
HON. NEWNAN CAYCE, Judge.
The facts are stated in the opinion.

*Wiley N. Nash,* attorney-general, for appellant.

We are aware that it is held in many cases that the specific crime intended to be committed must be named, but we do not think this court will consider it necessary to set out the crime, when it is charged by the grand jury that the crime intended to have been committed was to said grand jurors unknown. The court will see that the statute makes no difference in the punishment as to whether the intention was to commit one crime or another. The intent to commit a crime must be alleged, but as to what specific crime the burglar intended to commit it is oftentimes impossible to tell. Where the intent,

as alleged, was to steal the property of one man and the proof showed an actual stealing of another, this fact was held to be wholly immaterial. *Harris* v. *State*, 61 Miss., 304. When a criminal in the night time is discovered in a dwelling house, and it is found that he broke open the door or entered through a window or by a false key, and where it is impossible to tell whether he broke in to kill, to rob, to commit burglary or rape, etc., to say that one cannot be indicted for the felonious breaking would certainly be unfortunate. It might as well be said that any desperado could shoot into a passenger train with intent to kill and that he could not be punished because it was impossible to tell at whom he shot. It will be noticed that the statute uses the words "with intent to commit some crime therein." Code 1892, § 990. "Some" is used here in the sense of any.

No counsel appeared for the appellee.

WOODS, C. J., delivered the opinion of the court.

The indictment charges the appellee with the burglarious breaking and entering of the dwelling house of one T. S. Johnson, "with the wilful, felonious and burglarious intent then and there to commit some crime to the jurors aforesaid unknown." To this indictment the defendant demurred, assigning, amongst other causes of demurrer, that it charges no crime under the laws of this state; and that it fails to charge the specific crime with intent to commit which the defendant was alleged to have broken and entered the house. The demurrer was by the court below sustained, and from this action of that court the state appeals, and assigns the same for error.

The crime of burglary consists of two essential elements, viz.: (1) The burglarious breaking and entering of the house, and (2) the felonious intent to commit some crime therein. Both elements must be laid in the indictment, and both must be proved as laid. This is familiar learning, and is not contro-

verted by the attorney-general. His contention is that the charge in the indictment of an intent to commit some crime in the house burglariously broken and entered, is sufficiently specific, and that an intent to commit a named particular felony is unnecessary. But this is unsound, because this general and indefinite averment of an intent to commit some crime, does not advise the accused of the nature and character of the crime, or one of the essential ingredients of the crime, preferred against him. He is left to grope in the dark as to what crime the state may offer evidence to show he intended to commit. Under this very indefinite charge, the prosecution may compel the prisoner to run the gauntlet of all the felonies of the criminal calendar, and rain upon his defenceless head blows from every quarter. In common fairness, every defendant charged with a high crime is entitled to know specifically and particularly what felony is laid to his charge. In this case, the charge preferred was that the accused intended "to commit some crime." What crime? Larceny? Rape? Murder? Arson? Poisoning? How could the prisoner answer? Or how come prepared to defend? And how could he plead judgment of the court on this vague and indefinite charge to another prosecution for any one of the particular crimes which might have been embraced in this general charge?

That the indictment is fatally defective cannot be doubted in the light of authority. See Wharton's Cr. Law, sec. 1614; Bishop's Cr. Proc., vol. 2, sec. 142; Arch. Cr. Pl. & Prac., Pomeroy's notes, p. 1102; *People* v. *Nelson*, 58 Cal., 104; *State* v. *Lockhart*, 24 Ga., 420; *Portwood* v. *State*, 29 Texas, 47.

*Affirmed.*