[Crim. No. 844.   Third Appellate District.—June 23, 1925.]

THE PEOPLE, Respondent, v. CHARLES SCHIAFFINO,
Appellant.

[1] CRIMINAL LAW—MOTION IN ARREST OF JUDGMENT—APPEAL.—An appeal does not lie from an order denying a motion in arrest of judgment.

[2] ID. — BURGLARY WITH EXPLOSIVES — INSUFFICIENT STATEMENT OF CRIME—REMEDY OF ACCUSED—WAIVER OF DEFECT.—An indictment charging a person with "wilfully, unlawfully, feloniously and burglariously breaking and entering the store building . . . with intent to commit a crime," but which fails to allege either the name or nature of the crime which he intended to commit, is defective on its face and is subject to demurrer or motion to quash; and the failure to demur or move in arrest of judgment is not a waiver of this defect.

[3] ID.—INTENT—PLEADING.—Where the intent is a necessary element of a crime, as it is in the charge of burglary by means of explosives, the particular offense with which the accused is charged with intending to commit, upon the entry of the building, must be alleged, or the indictment fails to state facts sufficient to constitute the offense.

[4] ID. — PLEADING — ABSENCE OF MATERIAL ELEMENTS — CONSTITUTIONAL PROVISION INEFFECTIVE.—While section 4½ of article VI of the state constitution will cure mere error as to any matter of pleading, it is not a cure for absolute absence of material elements necessary to charge a public offense, or a cause of action.

(1) 17 C. J., p. 34, n. 49.   (2) 9 C. J., p. 1050, n. 70.   (3) 9 C. J., p. 1050, n. 70.   (4) 17 C. J., p. 269, n. 10.

APPEAL from a judgment of the Superior Court of Lake County.  H. L. Preston, Judge Presiding.  Reversed.

The facts are stated in the opinion of the court.

Ernest B. D. Spagnoli for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

1.  See 8 Cal. Jur. 493.
2.  See 4 Cal. Jur. 734.
3.  See 14 Cal. Jur. 56.

THOMPSON, J., *pro tem.*—The defendant was convicted pursuant to section 464 of the Penal Code, December 21, 1918, of burglary by means of explosives. The indictment charged him with "wilfully, unlawfully, feloniously and burglariously breaking and entering the store building . . . with intent to commit a crime. . . . " The indictment failed to allege either the name or nature of the crime which it was alleged he intended to commit. No demurrer was filed. Upon conviction the defendant was sentenced to state's prison for a term of from twenty-five to forty years prescribed by this section. He served six years of this sentence. The statute failed to designate whether commitment under this section should be made to the state's prison or to the county jail. For this reason, upon a writ of *habeas corpus,* the appellate court of the first district held that the sentence was void, and remanded the prisoner with directions to the trial court to resentence him to the county jail. (*In re Schiaffino,* 70 Cal. App. 65 [232 Pac. 719].) Accordingly, on December 24, 1924, he was resentenced by the trial court to imprisonment in the county jail for a term of twenty-five to forty years. This sentence was then suspended, and he was released on probation. A motion in arrest of judgment was made and denied. From the final judgment of commitment the defendant has appealed.

The defendant claims this judgment is void because (1) the indictment fails to specifically designate the name or nature of the crime he was charged with entering the building to commit; (2) that the indictment fails to show that the grand jury which presented the charge against him had been first duly sworn according to law; (3) that the defendant having served a substantial portion of his sentence in the state's prison was thereby placed in jeopardy.

[1] An appeal does not lie from an order denying a motion in arrest of judgment. That motion could not reach the defects complained of. (*People* v. *Matuszewsky,* 138 Cal. 533 [71 Pac. 701]; *People* v. *Swenson,* 49 Cal. 388; *People* v. *Williams,* 43 Cal. App. 60 [184 Pac. 498].)

[2] The indictment was defective on its face, and was therefore subject to demurrer or motion to quash. The offense with which the accused was charged was burglary by means of explosives. The "crime" which he was

charged with intending to commit upon the entry of the building was a mere incident to the major offense of burglary, and yet it was a necessary element. The term "crime" is a general one, and has been said to include treason, felony and misdemeanor. (*Johnson* v. *State,* 29 N. J. L. 453.) It is defined as an act in violation of a public law. (2 Words & Phrases, 1st series, 1736; Black's Law Dict. 299.) It is even more general than the term "felony." Yet in the case of *People* v. *Nelson,* 58 Cal. 104, it was held that a complaint for burglary charging that the accused had entered a building "with intent to commit the crime of a felony," failed to state facts sufficient to constitute a public offense, and was open to attack even in the absence of a demurrer. The authorities are fairly uniform to the effect that the particular offense which the accused is charged with intending to commit must be named, or at least its principal elements must be described. (*People* v. *Goldsworthy,* 130 Cal. 600 [62 Pac. 1074]; *People* v. *Mooney,* 127 Cal. 339 [59 Pac. 761].) In the last case cited, it is said "it is a rule, universal and without exception that every intent, like everything else which the law has made an element of the offense, must be alleged." Nor is the failure to demur or move in arrest of judgment a waiver of this defect. (8 Cal. Jur. 500; *People* v. *Smith,* 103 Cal. 563 [37 Pac. 516]; *People* v. *Nelson,* 58 Cal. 104.) [3] Where the intent is a necessary element of a crime as it is in the charge of burglary by means of explosives, the particular offense with which the accused is charged with intending to commit, upon the entry of the building, must be alleged, or the indictment fails to state facts sufficient to constitute the offense. In the Nelson case last cited, where the complaint charging the defendant with burglary in breaking and entering a building "with intent to commit a felony," was held to be fatally defective, it was said this complaint failed to state facts sufficient to constitute a public offense. It was further intimated that this defect would leave the accused wholly in the dark with respect to the particular charge which he might anticipate the prosecution might attempt to prove against him.

[4] The attorney-general urges the application of article VI, section 4½ of the constitution of California, to overcome this defect in the indictment. This provision reads:

"No judgment shall be set aside . . . for any error as to any matter of pleading . . . unless after an examination of the entire cause, including the evidence . . . the error complained of has resulted in a miscarriage of justice."

While it has been repeatedly held that this clause of the constitution will cure mere "error as to any matter of pleading," it has not been held to be a cure for an absolute absence of material elements necessary to charge a public offense, or a cause of action. Such a construction would be destructive of all rules of pleading and procedure. It would violate the provision of the fourteenth amendment to the constitution of the United States, which declares that "No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor . . . deprive any person of life, liberty or property, without due process of law."

To place a man on trial upon a complaint or indictment which utterly fails to state facts sufficient to constitute any cause of action against him, and having secured a verdict of conviction, to substitute for the void pleading which is open to attack at any stage of the proceeding, this constitutional remedy, would upset and defeat the wise rules of procedure which are the result of the crystallization of ages of judicial wisdom. This construction would violate the very spirit and purpose of the amendment which was intended to prevent a miscarriage of justice. This amendment was evidently intended to enable the courts to enforce justice in spite of unimportant or unsubstantial errors of pleading or procedure. But it was not intended to abrogate or dispense with the recognized and adopted rules of procedure and evidence.

In the case of *Evans* v. *Wixon*, 38 Cal. App. 542 [176 Pac. 873], the court says with reference to the application of this section of the constitution to a complaint which failed to state a cause of action, "We are satisfied that the constitutional provision above mentioned was not intended to carry the protection of judgments to any such extreme length (contended for by respondent). The phrase 'any error as to any matter of pleading' in said section 4½ is entitled to very liberal construction, but not to a construction that will destroy pleading as a necessary element in legal procedure."

In the *J. I. Case Threshing Machine Co.* v. *Copren Bros.*, 32 Cal. App. 194 [162 Pac. 647], Mr. Justice Chipman said, with relation to the application of this section of the constitution to a complaint which lacked material allegations, and where material proof of essential facts was also lacking, "We think it would be giving to section 4½ of article VI unwarranted scope to permit its application to such a state of facts as we have here. To do so, we must in effect, say that it is not necessary to state facts sufficient to constitute a cause of action, or having stated a cause of action, that it need not be supported by sufficient evidence. The section was not intended to abrogate or dispense with rules of procedure and evidence. It would in our opinion effect a miscarriage of justice to sustain the ruling of the trial court upon the record before us."

For the reason that the indictment in this case fails to state a cause of action, and that this defect will not be cured by application of the provisions of article VI, section 4½ of the constitution, it becomes necessary to reverse the judgment. It is therefore unnecessary to pass upon the other points involved in the appeal.

The judgment is reversed.

Plummer, J., and Finch, P. J., concurred.