STATE OF DELAWARE v. ALBERT E. CHASE.

(*March* 25, 1957.)

LAYTON, J., sitting.

*Wilfred J. Smith, Jr.,* Deputy Attorney-General, for the State.

*Irving Morris* for the Defendant.

Superior Court for New Castle County, No. 514, Cr. A., 1955.

LAYTON, J.:

Defendant appeals his conviction in the Court of Common Pleas based upon the following Information:

Albert E. Chase, (hereinafter referred to as "Chase") has been charged with violation of Title 11 *Del. C.* § 732, in that he allegedly "on the Third day of August, 1955, in the County of New Castle, did then and there with force and arms, in the County of New Castle, State of Delaware, unlawfully did engage

in lewdness, to-wit: did expose himself in a lewd manner in the presence of Ruth M. Tipping and Gladys Raign, against the peace and dignity of the state."

He advances two contentions, (1) that 11 *Del. C.* § 732, upon which the information is founded, is unconstitutionally vague and, (2) that the statute attempts to encompass more than one subject in violation of Article 2, Section 16 of the Delaware Constitution, *Del. C. Ann.*

Even a cursory study discloses that the scheme of the Act (insofar as it has to do with lewdness) is aimed at lewdness in connection with prostitution or assignation. The title of the chapter is "Prostitution and Related Offenses". It then proceeds to define "Assignation", "Lewdness" and "Prostitution". The body of the Act, with a single exception, is obviously directed at acts of lewdness in connection with prostitution and assignations for the purpose of committing lewd acts. However, there is a final paragraph which reads, "Whoever engages in prostitution, lewdness, or assignation by any means whatsoever * * *."

Now, at this point it is perhaps appropriate to observe that the definition of lewdness in the Act[1] might include not only acts of lewdness in connection with prostitution or assignations for the purpose of lewdness, but also acts of lewdness wholly unrelated to those two subjects. Further, it is rather obvious that the act here charged falls within that class of lewdness having little or no connection with prostitution or assignations for the purpose of lewdness.

However, reverting for a moment to the title of the chapter, "Prostitution and Related Offenses", and to the title of the section "Furthering Prostitution", and bearing in mind the other types of offenses included within the chapter, namely, Pandering, Keeping or Leasing a house of ill-fame and Pimping, it

---

[1] "'Lewdness' includes any indecent or obscene act."

seems most unlikely that the language of Section 732 was intended by the Legislature to encompass the subject matter of this information.[2]

■■ Concededly, the language of the section above mentioned, "Whoever engages in prostitution, lewdness or assignation by any means whatsoever", might be said to be broad enough to include the offense here charged, but, as defendant argues, where the overall meaning of the Act indicates a particular association of offenses, then any ambiguity should be construed against the inclusion of an offense clearly falling outside its plain scope.[3]

■■ If the terms of a penal statute are so vague and indefinite as to render uncertain its meaning, it must be condemned as repugnant to the due process clause of the 14th Amendment of the Federal Constitution. As stated by Mr. Justice Butler in *Lanzetta v. State of New Jersey*, 306 *U. S.* 451, 59 *S. Ct.* 618, 619, 83 *L. Ed.* 888:

"It is the statute, not the accusation under it, that prescribes the rule to govern conduct and warns against transgression. * * * No one may be required at peril of life, liberty or property to speculate as to the meaning of penal statutes. All are entitled to be informed as to what the State commands or forbids. The applicable rule is stated in *Connally v. General Const. Co.*, 269 *U. S.* 385, 391, 46 *S. Ct.* 126, 127, 70 *L. Ed.* 322: 'That the terms of a penal statute creating a new offense must be sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties is a well-recognized requirement, consonant alike with ordinary notions of fair play and the settled rules of law; and a statute which

---

[2]Indecent exposure of the type here charged is the result of a well-recognized mental disease.

[3]Acts of indecent exposure such as here charged come within the well-recognized common law offense of Lewdness for which an indictment could easily be framed and returned. 53 *C. J. S.*, Lewdness, § 2, p. 9. Compare 11 *Del. C.* § 105 and *State v. Walter*, 2 *Marv.* 444, 43 *A.* 253.

either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law.' "

At the very least, the language of the statute under consideration renders it doubtful whether or not conduct such as specified in this information is intended to be prohibited by its terms. Accordingly, the motion to quash is granted.