**STATE of Delaware**

**v.**

**William H. ROBINSON.**

Supreme Court of Delaware.

Feb. 11, 1969.

Jerome C. Herlihy, Deputy Atty. Gen., Wilmington, for the State of Delaware.

Henry A. Wise, Jr., Wilmington, for defendant.

WOLCOTT, Chief Justice and CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice:

The subject of this certification[1] is a new Statute, 11 Del.C. § 470, entitled "Purchase and Possession of Firearms by Certain Persons Prohibited."

Upon penalty of fine or imprisonment, the Statute prohibits any "person, having been convicted in this State or elsewhere of a felony or crime of violence" from owning, possessing, or controlling "any firearm or weapon capable of firing a missile or projectile with sufficient force to cause death or serious bodily injury." The Board of Pardons is empowered to remove the disability upon application.

The following facts are stipulated:

The defendant, William H. Robinson, had a 12 gauge shotgun in his possession on August 31, 1968. He was indicted by the Grand Jury for violation of 11 Del.C. § 470,

---

1. Rule 20 of this Court, Del.C.Ann. provides that certification of questions of law in criminal causes will be allowed by this Court when, in the opinion of this Court, "there are unusual and compelling public reasons for so doing." Indicative of the character of reasons justifying certification under the Rule are: the question of law is of first instance in this State; and the question relates to the constitutionality, construction, or application of a statute of this State which has not been, but should be, settled by this Court.

the indictment alleging simply that on that date in New Castle County, "having been convicted of a crime of violence in the State of Delaware involving bodily injury to another", he did "then and there unlawfully have in his possession one 12 gauge Savage pump action shotgun."

In 1965, the defendant had pleaded guilty in the Municipal Court to a charge of assault and battery; a suspended sentence of six months' imprisonment and probation for eighteen months was the result. The defendant served the probation period without violation. There is no record of any kind anywhere as to the details of the 1965 assault and battery.[2]

The questions of law certified are discussed seriatim:

### I.

Question: Is 11 Del.C. § 470 unconstitutional and void because of vagueness?

The defendant addresses this contention to the clause of the Statute referring to a "crime of violence involving bodily injury to another." He relies upon State v. Chase, 11 Terry 383, 131 A.2d 178 (1957) proscribing penal statutes so vague and indefinite as to render uncertain their meaning.

■ We approve the test of Connally v. General Construction Co., 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322 (1926), applied in the Chase case:

"That the terms of a penal statute creating a new offense must be sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties is a well-recognized requirement, consonant alike with ordinary notions of fair play

and the settled rules of law; and a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law. * * *."

■ The provision of 11 Del.C. § 470, here under scrutiny, meets the test. The terms "crime of violence" and "bodily injury" are not so vague and uncertain as to invalidate the Statute. The words have a common and ordinary meaning sufficiently understandable to the average man, in our opinion, to fulfill the requirements of due process.

### II.

Question:[3] Does the indictment contain sufficient allegations to properly charge the defendant with a violation of 11 Del.C. § 470? We think not.

As has been noted, the indictment charges the defendant with having been "convicted of a crime of violence in the State of Delaware, involving bodily injury to another", without more as to identification of the prior offense.

■ The prior conviction is an essential element of the offense charged in the indictment. In the absence of particularity and definiteness as to that element, the indicment fails to inform the defendant of the charge brought against him sufficiently to enable him to prepare his defense and to protect himself against double jeopardy. State v. Deedon, 6 Storey 49, 189 A.2d 660 (1963). Compare 39 Am.Jur.(2d) "Habitual Criminals, Etc." § 21.

■ Sufficient for the purpose, in our view, would be an identification of the

---

2. There is no explanation of the absence of some record of the details of the 1965 offense, however minimal, in the police files, in the office of the Attorney General, in the Court records, or in the Probation Office. An inquiry will be initiated to prevent recurrence.

3. The propriety of Questions II and IV for certification under Rule 20 is doubtful. Nevertheless, we shall discuss them briefly as part of this proceeding in the interest of the administration of justice.

prior conviction by a brief statement of the charge, identification of the court, the case number, and the date of the conviction. Without that much detail, at least, the indictment must be held to be fatally deficient as violative of due process of law.

### III.

Question: What is meant by the clause "a felony of a crime of violence involving bodily injury to another", as used in 11 Del.C. § 470?

It is contended by the defendant that this provision must be read in the conjunctive, the word "or" to be read as "and"; otherwise, the argument goes, the commission of any felony, whatever its nature and however non-violent,[4] would result in violation of § 470; and, says the defendant, this would render the Act absurd and unconstitutional.

The legislative intent, in our opinion, is clear. The General Assembly has stated that the prior commission of · any felony is sufficient to make illegal the possession of a firearm, unless special permission is granted by the Board of Pardons. The establishment of such public policy by the Legislature is a proper exercise of the police power. The provisions of this Act demonstrate a manifest intention on the part of the General Assembly to protect the public from the actions of members of that class of persons who, by their past conduct, have shown themselves unworthy to possess firearms. Felons, as a class, constitute a reasonable classification to be adopted by the General Assembly for that purpose. The classification, in our opinion, is warranted as a reasonable exercise of police power.

We are referred to no authority holding that failure to distinguish between violent and non-violent felonies in this regard violates any constitutional right or guaranty; and, in our opinion, no constitutional impediment may be deemed to exist on that ground.

As this Court has often stated, the wisdom of a statute is a matter solely for the consideration and decision of the General Assembly. It has seen fit to impose upon any and all felons, regardless of type, the disabilities of § 470 unless and until removed by the Board of Pardons. The blanket proscription may not be altered by a forced judicial interpretation of the word "or" to mean "and", as urged by the defendant. If non-violent felonies are to be eliminated from consideration for purposes of this Act, it is for the General Assembly, not this Court, to qualify the plain and all-inclusive meaning of the word "felony."

As for the remainder of the clause here under consideration, however, there is room for statutory construction. Having disposed of felony, the language "or a crime of violence involving bodily injury to another" covers, in our opinion, any lesser crime, i. e., any misdemeanor, that may be thus classified. Accordingly, we construe the entire clause to mean (1) any felony, or (2) any misdemeanor involving violence and bodily injury to another. Any other construction would eliminate violent misdemeanors from the condemnation of the Act. It would not be reasonable, in our opinion, to assume that the General Assembly intended that result.

### IV.

Question: Does the mere evidence of a guilty plea and sentence for the offense of assault and battery constitute sufficient evidence to establish a prior conviction of a "crime of violence involving bodily injury to another" under 11 Del.C. § 470?

---

4. Non-violent felonies referred to include forgery and counterfeiting (11 Del.C. §§ 541–544), embezzlement (11 Del.C. § 635), grand larceny (11 Del.C. § 631).

In this connection, to be noted is 11 Del. C. § 101(b) providing: "Any crime or offense not specifically designated by law to be a felony is a misdemeanor."

The answer is negative. Assault and battery is a misdemeanor. As we have seen, the Act does not make any and all misdemeanors the basis for the disability; it speaks only of those misdemeanors which are crimes of violence involving bodily injury to another. Therefore, to support a conviction under § 470, it is necessary for the State to show that the particular assault and battery, relied upon as the basis for the prosecution under the Act, was an act of violence involving bodily injury to another. There are types of assaults and batteries which do not rise to that degree of seriousness, such as a touching or a pushing without injury. Therefore, mere proof of a conviction of assault and battery, without more as to its nature, would not constitute sufficient evidence to support a conviction under the Act.

It would be otherwise in the case of a felony. Since all felonies are covered by the Act, it would be sufficient to prove the conviction for the felony identified in the indictment, without further showing as to the nature thereof.

## V.

Question: Can the defendant's prior guilty plea and sentence for assault and battery be used to establish a prior conviction of a "crime of violence involving bodily injury to another", under 11 Del.C. § 470, when the defendant fully complied with all the terms and conditions of his probation on that charge and was entitled to the benefits of 11 Del.C. § 4332(i)?[5]

This question requires consideration of the scope and purpose of § 4332(i): That provision of our Probation Statute seems to be a novel one without counterpart elsewhere. The precise purpose intended by

the General Assembly in the enactment of §.4332(i) is difficult to comprehend. It does not require that all court records of the case against the successful probationer be destroyed; it calls only for the striking of "the plea or verdict of guilty entered by or recorded against" him. This leaves unstricken and of record such documents and docket entries as the indictment or information, the fact of arraignment, the transcript of the trial, the evidence, the presentence report, the sentence, and the probation officer's record. Obviously, if by § 4332(i) the legislative intent was to obliterate all traces of the prosecution and conviction of the probationer, it has failed to do so; and for that purpose the requirement that the guilty plea or verdict be stricken is meaningless.

It follows, we think, that the purpose of § 4332(i) is akin to that of a pardon: it forgives but it does not forget. By virtue of § 4332(i), the successful completion of probation may serve to remove civil and legal disabilities resulting from the conviction. But it does not obliterate the record of the case and the fact of the conviction.

It is the generally prevailing rule that the pardon of a conviction does not preclude the conviction from being considered as a prior offense under a statute increasing the punishment for a subsequent offense. See Annotation, 31 A.L.R.(2d) 1186. By analogy, in our opinion, the mandate to strike the guilty plea or verdict under § 4332(i) does not preclude consideration of the resultant judgment of conviction in a subsequent prosecution under the new Firearms Act. Compare Mason v. State, 39 Ala.App. 1, 103 So.2d 337 (1956).

---

5. 11 Del.C. § 4332(i) provides:
"(i) If such offender fully complies with all of the terms and conditions of his recognizance and with all terms and conditions of his probation during the entire period prescribed by the court, the plea or verdict of guilty entered by or recorded against such offender shall be stricken from the records of the court."