**STATE of Delaware**

v.

**John Brice JOHNSON.**

Superior Court of Delaware,
New Castle.

Oct. 13, 1970.

Fletcher Campbell, Deputy Atty. Gen., for the State of Delaware.

Stephen B. Potter (of Sullivan, Potter & Roeberg), Wilmington, for defendant.

Before STIFTEL, President Judge, and CHRISTIE, Judge.

STIFTEL, President Judge, and CHRISTIE, Judge.

Petitioner has moved to strike his plea of guilty under the provisions of 11 Del.C. § 4332(i). It is clear that John Brice Johnson, also known as Johnnie B. Johnson, pleaded guilty to the crime of grand larceny, a felony, on the 10th day of January, 1951, in this Court. State v. Johnson, Crim. Act. No. 22, January Term 1951. The records of this Court show this to be true. He admits that the record of this Court is correct when it shows that he was placed on probation for a period of two years, running from February 16, 1951 to February 15, 1953, as a consequence of his plea. He contends that he satisfactorily completed all the terms and conditions imposed upon him by the Probation Officer. Defendant asks this Court to strike the plea of guilty and the conviction based thereon since he says that he has fully complied with the requirements of 11 Del. C. § 4332(i), which provides for the striking of the plea or verdict of guilty when a probationer successfully completes probation.

The statute reads as follows:

"If such offender fully complies with all of the terms and conditions of his recognizance and with all terms and conditions of his probation during the entire period prescribed by the court, the plea or verdict of guilty entered by or recorded against such offender shall be stricken from the records of the court." (11 Del. C. § 4332(i)).*

---

* The statute in effect at the time of the completion of the probation was substantially similar. See 11 Del.C. § 4321, Rev. Code of 1935 § 4319.

The State argues that petitioner's request should be denied. It says that approximately three months after Johnson was placed on probation he was arrested for larceny of a motor vehicle, on May 21, 1951. It claims that subsequent thereto he pleaded guilty to this offense and was placed on probation for a period of one year by Superior Court. The State supports its contention only by an FBI record, No. 1929389, which is on file with the Delaware State Bureau of Identification.

■ Assuming, without deciding, that petitioner has the burden to establish his right to have the guilty plea stricken, this burden has been met in this case by evidence that a discharge from probation was signed by Judge Layton. The State may in turn rebut this evidence by proof that defendant did not, in fact, live up to the terms and conditions of his probation during the period thereof.

Does the FBI report, which is the only probative evidence introduced against this petitioner, establish that the probation was not successfully completed?

The FBI record seems to indicate that Johnnie B. Johnson was arrested on May 21, 1951, for larceny of a motor vehicle. In the disposition column, it states that he was "held for Superior Court." Immediately under this disposition appears the notation "1 yr par & C". This notation is obviously intended to indicate that defendant was given one year parole, now known as probation, and required to pay costs.

It is impossible to determine from the disposition column whether this sentence was imposed by this Court or by some other Court. The sentence noted could have been imposed by a lower Court and appealed. Thereafter, the Attorney General may have nolle prossed the case, thus nullifying the sentence and preventing action by the Superior Court. This possibility becomes stronger because there is a complete absence of any record in this Court pertaining to the alleged automobile larceny.

The Attorney General reported to the Court that he had caused a search to be made of the old records now stored with the State Archivist, and he was neither able to produce any docket referring to this case, nor was he able to produce any Court papers or file on this case. Furthermore, no record of the automobile larceny offense could be found with either the present Probation Department or the Court's Presentence Office.

■ The provisions of 11 Del.C. § 4332 (i) as to the striking of the plea or verdict of guilty upon successful completion of probation are mandatory. If all the terms and conditions of the offender's probation are met during the entire period prescribed by the Court, then "the plea or verdict of guilty * * * shall be stricken from the records of the court."

The purpose of this legislative enactment was to forgive a transgressor so that he could improve his lot in society and not be forced permanently to carry the stigma of a criminal. It was to prevent an individual, after he has successfully completed his probation, from being buried in a legal, social and economic coffin and permanently marred. Compare State v. Robinson, Del.Supr., 251 A.2d 552; and see Rubin, The Law of Criminal Correction, Ch. 17, Sec. 20 (1963); A.B.A., Standards for Criminal Justice, "Standards Relating to Probation, 1970", p. 54. The mandate of legislative forgiveness should not be nullified by this Court unless there is persuasive evidence of a violation of probation. Such evidence was not presented in this case.

On the evidence presented by the State, this Court has no alternative but to grant petitioner's motion to strike the guilty plea.

Motion to strike the plea of guilty is granted.

It is so ordered.