Oliver S. FONVILLE, Petitioner Below, Appellant,

v.

William T. McLAUGHLIN et al., Appellees.

Ernest WEBSTER and Morris Roberts, Petitioners Below, Appellants,

v.

William T. McLAUGHLIN et al., Appellees.

Supreme Court of Delaware.

Oct. 23, 1970.

Ernest S. Wilson, Jr., of Wilson & Russell, Wilmington, for appellant Oliver S. Fonville.

Peter Warren Green, of Booker, Leshem, Green, Shaffer, Berl & Wise, Wilmington, for appellants Ernest Webster and Morris Roberts.

Stephen B. Potter, of Sullivan, Potter & Roeberg, Wilmington, for appellee Johnny B. Johnson.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice.

These are appeals from the Order of the Superior Court, dated October 21, 1970, holding:

"* * * that John Brice Johnson, a/k/a Johnnie B. Johnson, is entitled to have his name appear on the ballot as a Democratic candidate for the State General Assembly * * *."

On October 13, 1970, the Superior Court had stricken from the records of the Court a plea of guilty which had been entered by Johnny B. Johnson (hereinafter "Johnson") to a charge of grand larceny brought against him in a 1951 criminal action in that Court. The guilty plea was stricken, upon the petition of Johnson, under the following provision of the Delaware Probation Statute, being 11 Del.C. § 4332 (i):

"(i) If such offender fully complies with all of the terms and conditions of his recognizance and with all terms and conditions of his probation during the entire period prescribed by the court, the plea or verdict of guilty entered by or recorded against such offender shall be stricken from the records of the court."

Article 2, Section 21 of the Delaware Constitution, Del.C.Ann. provides:

"No person who shall be convicted of embezzlement of the public money, bribery, perjury or other infamous crime, shall be eligible to a seat in either House of the General Assembly, or capable of holding any office of trust, honor or profit under this State."

The Superior Court ruled that grand larceny, a felony, is an "infamous" crime within the meaning of Art. 2, § 21. We agree.

The threshold question is the meaning of the word "convicted" as used in Del.Const. Art. 2, § 21. We hold that, as used in this constitutional provision creating a disability of citizenship, the word is to be construed in its narrow sense: it consists of more than a verdict or plea of guilty; it refers to a final judgment of conviction consisting of the adjudication of guilt by plea or verdict followed by the imposition of sentence. See Truchon v. Toomey, 116 Cal.App.2d 736, 254 P.2d 638 (1953); People v. Fabian, 192 N.Y. 443, 85 N.E. 672. It is settled in this State that the imposition of a term of probation constitutes a sentence. See 11 Del.C. § 4302. Accordingly, we hold that Johnson was "convicted" of an infamous crime in 1951, within the meaning of the term as used in Art. 2, § 21.

It appears from the foregoing that, having been convicted of an infamous crime, Johnson is ineligible to hold a seat in the General Assembly by reason of the constitutional bar, unless the Court's striking of the guilty plea under 11 Del.C. § 4332(i) effectively vacated or set aside that judgment of conviction. We hold that the striking of the plea under § 4332 (i) did not have that effect.

In State v. Robinson, Del.Supr., 251 A. 2d 552 (1969), we had the occasion to examine into the scope and purpose of

11 Del.C. § 4332(i). Holding that successful completion of probation and striking of a guilty plea did not preclude consideration of the prior conviction in a subsequent prosecution under the new Firearms Act, we there stated:

"This question requires consideration of the scope and purpose of § 4332(i): That provision of our Probation Statute seems to be a novel one without counterpart elsewhere. The precise purpose intended by the General Assembly in the enactment of § 4332(i) is difficult to comprehend. It does not require that all court records of the case against the successful probationer be destroyed; it calls only for the striking of 'the plea or verdict of guilty entered by or recorded against' him. This leaves unstricken and of record such documents and docket entries as the indictment or information, the fact of arraignment, the transcript of the trial, the evidence, the presentence report, the sentence, and the probation officer's record. Obviously, if by § 4332 (i) the legislative intent was to obliterate all traces of the prosecution and conviction of the probationer, it has failed to do so; and for that purpose the requirement that the guilty plea or verdict be stricken is meaningless.

"It follows, we think, that the purpose of § 4332(i) is akin to that of a pardon: it forgives but it does not forget. By virtue of § 4332(i), the successful completion of probation may[1] serve to remove civil and legal disabilities resulting from the conviction. But it does not obliterate the record of the case and the fact of the conviction."

Our present review of § 4332(i) has not clarified its purpose and scope. Its application and purpose remain difficult to comprehend. In the instant application, never-

theless, we adhere to our holding in *Robinson* that successful completion of probation and invocation of § 4332(i) does not "obliterate the record of the case and the fact of the conviction." We are clear that in construing § 4332(i) in its application to Art. 2, § 21, distinction must be made between a conviction which is a final judgment, and a plea or verdict of guilty which is only an element of a conviction. See also Kelly v. Municipal Court, 160 Cal.App.2d 38, 324 P.2d 990 (1958). The striking of a plea does not amount to an expunging of a conviction.

We hold that by § 4332(i) the General Assembly did not direct the vacating or the setting aside of the conviction upon successful completion of probation. Indeed, the contrary conclusion would, in our opinion, bring § 4332(i) into conflict with Del. Const. Art. 2, § 21 and would render it invalid for violation of that constitutional provision; for neither § 4332(i) nor any other statute may contravene the constitutional disability created by Art. 2, § 21.

Accordingly, we hold that, the striking of his guilty plea notwithstanding, Johnson remains within the ban of Art. 2, § 21 of the Delaware Constitution as one ineligible to hold a seat in the General Assembly because he stands convicted of an infamous crime.

It is argued that, under this view, a person once convicted may never be relieved of the conviction so as ever again to become eligible for public office under Del. Const. Art. 2, § 21. Our holding does not go that far. It is probable that an acquittal after new trial following a conviction, or an appellate reversal of a judgment of conviction, or the setting aside or vacating of a judgment of conviction by the invocation of post-conviction remedies,[2] would expunge a prior conviction suffi-

---

1. It is noted that the Superior Court accorded to this sentence a more positive effect than is warranted by the conditional word "may".

2. Superior Court Criminal Rule 35 provides that the Court shall "vacate and set

aside the judgment" of conviction if it was rendered without jurisdiction or if "there was such a denial or infringement of the constitutional rights of the prisoner as to render the judgment subject to collateral attack."

ciently to remove the ban of Art. 2, § 21. And it may be, too, that a pardon by the Governor would have that effect. See State ex rel. Cloud v. Election Board, etc., 169 Okl. 363, 36 P.2d 20 (1934); compare Ridgeway v. Catlett, 238 Ark. 323, 379 S.W. 2d 277 (1964). But we do not meet those questions here. Our holding is limited to the effect of the striking of the guilty plea pursuant to § 4332(i), and the conclusion that Johnson's status under Del.Const. Art. 2, § 21 was not changed thereby.

It follows that the Order below must be reversed, and the cause remanded with instructions (1) to declare Johnson ineligible to be elected to a seat in the House of Representatives of the General Assembly; and (2) to grant the petition of the City of Wilmington Democratic Executive Committee for a writ of mandamus directed to the Department of Elections for New Castle County, commanding it to delete Johnson's name from the ballot.

■ The Superior Court did not have the occasion to pass upon the petition of Oliver S. Fonville, whom Johnson defeated in the primary election, to be substituted on the ballot in place of Johnson. In order to foreclose further controversy and delay as to this facet of the matter, however, we express the opinion that the designation of Johnson's successor on the ballot is governed by the following provisions of 15 Del.C. § 3176:

"§ 3176. *Death, resignation or removal of a nominee*

"In case of death, resignation or removal of any candidate subsequent to a nomination, the political party in which such vacancy exists shall provide the manner in which the vacancy shall be filled."

It is regrettable that these important questions are presented for consideration and determination with so little time remaining before Election Day. Undue haste in the Courts and in the Department of Elections results. All concerned are urged to avoid such exigency in the future.