Johnnie B. JOHNSON, Defendant Below, Appellant,

v.

STATE of Delaware, Plaintiff Below, Appellee.

Supreme Court of Delaware.

June 14, 1971.

David Roeberg, of Sullivan, Potter & Roeberg, Wilmington, for defendant below, appellant.

Fletcher E. Campbell, Jr., Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

WOLCOTT, Chief Justice, and CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice.

The appellant, Johnnie B. Johnson, has moved to strike a 1951 Superior Court judgment of conviction of grand larceny. The motion, made under Superior Court Criminal Rule 35,[1] was based upon the striking of his guilty plea to that charge, under 11 Del.C. § 4332(i),[2] after a successful period of probation. For further background, see Fonville v. McLaughlin, Del. Supr., 270 A.2d 529 (1970).

We hold that Rule 35 may not be used for the purpose of enlarging upon the provisions of § 4332(i). The scope and purpose of that portion of the Probation Statute is puzzling. As we stated in State v. Robinson, Del.Supr., 251 A.2d 552 (1969):

" * * * The precise purpose intended by the General Assembly in the enactment of § 4332(i) is difficult to comprehend. It does not require that all court records of the case against the successful probationer be destroyed; it calls only for the striking of 'the plea or verdict of guilty entered by or recorded against' him. This leaves unstricken and of record such documents and docket entries as the indictment or information, the fact of arraignment, the transcript of the trial, the evidence, the presentence report, the sentence, and the probation officer's record. Obviously, if by § 4332(i) the legislative intent was to obliterate all traces of the prosecution and conviction of the probationer, it failed to do so; and for that purpose the requirement that the guilty plea or verdict be stricken is meaningless.

"It follows, we think, that the purpose of § 4332(i) is akin to that of a pardon: it forgives but it does not forget. * *."

Rule 35 may not be used to legislate into § 4332(i) more than can now be found there. That would be a usage entirely foreign to the purpose and scope of the Rule.[3]

As we have stated, the provisions of § 4332(i) are meaningless as a practical

---

1. Rule 35 provides for post-conviction relief for "any meritorious claim challenging the judgment of conviction", such as claims that the conviction was obtained or sentence imposed in violation of constitutional rights, or that the sentencing court lacked jurisdiction, or that the sentence exceeded statutory limits or was otherwise unlawful.

2. 11 Del.C. § 4332(i) provides:
"(i) If such offender fully complies with all of the terms and conditions of his recognizance and with all terms and conditions of his probation during the entire period prescribed by the court, the plea or verdict of guilty entered by or recorded against such offender shall be stricken from the records of the court."

3. The purpose of Rule 35 is to afford a remedy in lieu of habeas corpus and coram nobis, to the defendant who claims that his conviction was obtained or his sentence imposed in violation of his constitutional guaranties. Curran v. State, 10 Terry 587, 49 Del. 587, 122 A.2d 126 (1956); Priest v. State, Del.Supr., 227 A.2d 576 (1967).

matter. It must be left to the General Assembly to make sense of it by amendment. In so doing, the General Assembly will be able to give due consideration to the effect upon other statutes (such as the Habitual Criminal Act, 11 Del.C. § 3911; the provisions for greater punishment for second or other convictions, 11 Del.C. § 3912; and the Firearms Act, 11 Del.C. § 470) of any proposal to obliterate completely a record of prior conviction.

The appellant was obviously misled by the statement in *Fonville* (270 A.2d at 531) that one convicted of crime need not be forever hopeless of having the conviction expunged; and that the Rule 35 post-conviction remedy may be one avenue, among others, of approach to that end under appropriate circumstances. The examples there given were intended to relate to the ordinary usages of the remedies mentioned. The extraordinary usage of Rule 35, here attempted, was not contemplated.

There was no error in the Superior Court's denial of the appellant's application.

Affirmed.

