STATE OF DELAWARE v. WALTER S. MILLER.

(*February* 11, 1957.)

LAYTON, J., sitting.

*Joseph Donald Craven*, Attorney-General, and *Frank O'Don-*nell, Jr., Deputy Attorney-General, for the State.

*Henry A. Wise, Jr.*, for the Defendant.

Superior Court for New Castle County, Criminal Action No. 77, 1956.

LAYTON, J.:

The State filed an Information charging defendant with a violation of 16 *Del. C.* § 4702, in that he did have in his posses-session marijuana cigarettes. The jury disagreed at the first trial. Prior to the second trial, defendant moved to quash the Information on the ground that it was so vague and indefinite as to fail to inform the defendant of the nature of the offense within the meaning of Article 1, Section 7 of the Constitution of this State.

Briefly, defendant contends that the Statute fails to define marijuana, and since it is a plant in part harmless and in part narcotic, the Information which describes the cigarettes merely as marijuana cigarettes fails to specify possession of a narcotic with certainty.

Webster's *New Collegiate Dictionary* defines marijuana as follows:

"Marijuana. Also Marihuana. (Am. Sp. *mariguana, mari-huana*) The hemp (Cannabis sativa); also, its dried leaves and flowers, which are smoked in cigarettes as a narcotic."

The same dictionary defines hemp to be:

"Hemp. 1. a. A tall, widely cultivated Asiatic herb (*Cannabis sativa*, family *Cannabinacae*, the hemp family) * * * b. Its tough bast fiber, used for making cloth, floor covering, and cordage. c. A narcotic drug from this plant. * * * 2. A similar fiber from various other plants, or any of the plants, as jute, Manila hemp or abaca, ramie, sisal * * *."

Defendant's argument is not wholly without merit for, as he contends, if marijuana is a term sometimes applied to the hemp plant and sometimes only to describe the flowering tops which have a definite narcotic quality, then an Information charging defendant with the possession of marijuana fails to specify the possession of a narcotic with that particularity demanded by Article 1, Section 7 of the Constitution.

On the other hand, this argument fails to take into account the fact that to the lay mind, at least, the term marijuana means a narcotic. Of even greater importance here, defendant is charged with the possession of marijuana cigarettes. The smoking of marijuana cigarettes is synonymous with the use of a narcotic. Thus, from a common sense view, an Information charging a defendant with possession of marijuana cigarettes is tantamount to a charge of possessing narcotics. Such is the result reached by the Supreme Court of Utah in an exactly similar case, *State v. Navaro*, 83 *Utah* 6, 26 *P.* 2d 955. I agree with the reasoning of the Court in that case. Accordingly, defendant's motion to quash is denied.