STATE OF DELAWARE, Plaintiff, v. CLIFTON COFFIELD, Defendant.

(*April* 6, 1961.)

STIFTEL, J., sitting.

*Charles L. Paruszewski,* Deputy Attorney-General, for the State of Delaware.

*John M. Bader* (of Balick and Bader) for defendant.

Superior Court for New Castle County, No. 380, Cr. A., 1960.

STIFTEL, J.:

Motion for judgment of acquittal based on Court granting State the right to amend its information in appellate proceedings to conform with the information on which defendant was tried in the court below. This matter arises from the following facts:

Mary Louise Cannady was hired by the Wilmington City Solicitor's office as a special gambling investigator. On January 28, 1960, she drove a station wagon to the northwest corner of Tenth and Lombard Streets at the direction of police officers Joseph Donahue and Robert Bain, who were concealed in the vehicle. At 1001 Lombard Street, she got out of the station wagon and followed defendant into a store where she gave him a dollar bill and made a play for twenty-five cents on number 330, receiving in change seventy-five cents. She saw defendant write number 330 on a slip of paper and then she left the store. On February 2, 1960, she signed a warrant charging defendant with the sale or disposition of lottery tickets in violation of 11 *Delaware Code,* § 661.

The body of the information filed in Municipal Court of the City of Wilmington read as follows:

"Januar D. Bove, Jr., Attorney General of the State of Delaware, by Sidney J. Clark, Deputy Attorney General, now here in the Municipal Court for the City of Wilmington, at the January term of said Court, in the year of our Lord one

thousand nine hundred and sixty information makes that Clifton Coffield late of Wilmington Hundred, in the County aforesaid, on the 28th day of January in the year of our Lord, one thousand nine hundred and sixty with force of arms, at said City of Wilmington, in the County aforesaid, and within the jurisdiction of the Municipal Court, did unlawfully commit a misdemeanor, to-wit: Unlawfully did sell to Mary Louise Cannady lottery policies, to-wit: numbers or a series of figures by which a person or persons unknown promised or guaranteed that a particular number to be determined upon the happening of a contingency in the nature of a lottery would entitle the said, Mary Louise Cannady, as purchaser or player of said numbers, to receive a sum of money in excess of the sum paid by said Mary Louise Cannady purchaser or player, in violation of Title 11, Section 661 of the *Delaware Code of 1953* against the form of the Act of the General Assembly in such case made and provided, and against the peace and dignity of the State."

Defendant was convicted in Municipal Court on April 26, 1960 and appealed to this Court. Whereupon, on June 3, 1960, the State filed a new information, which read as follows:

"The Attorney General of the State of Delaware on the 3rd day of June, 1960, information makes that Clifton Coffield did commit a misdemeanor:

"Clifton Coffield on the 28th day of January 1960 in the County of New Castle did: unlawfully aid and abet persons unknown to dispose of, to diverse unknown persons, lottery policies, to wit: numbers or a series of figures, by which a person or persons unknown promised and guaranteed that a particular number to be determined upon the happening of a contingency in the nature of a lottery would entitle the purchaser or player of said number to receive a sum of money in excess of the sum paid by said player.

"contrary to Title 11, Section 661 of the *Delaware Code of 1953.*"

Defendant was tried in Superior Court before a jury on January 4, 1961. At the termination of the State's case, defendant moved for a judgment of acquittal on the basis that there was a fatal variance between the information and the proof. Whereupon, the State requested this Court to amend the information pursuant to Criminal Rule 7(e), *Del. C. Ann.* so that it would read the same as the information under which the defendant was tried in the lower court. The motion was granted. Neither defendant nor State offered further evidence. The jury found defendant guilty of the offense charged in the amended information.

Defendant renewed his motion for judgment of acquittal and was allowed time to file a formal motion. In his written motion defendant claims that the Court erred in allowing the amendment to the information and that the defendant should, therefore, be awarded a judgment of acquittal.

The only question for decision is whether this Court erred in allowing the amendment of the information at the end of the State's case so that it would conform with information used in Municipal Court.

Superior Court Criminal Rule 7(e)[1] authorizes the Court to permit an information to be amended at any time before verdict or finding subject to the qualifications that (a) no additional or different offense may be charged by the amendment and (b) no substantial rights of the defendant may be prejudiced thereby.

No cases have been decided by our State Court under this rule. There are several federal cases dealing with Federal Criminal Rule 7(e); *e.g., U. S. A. C. Transport v. United*

---

[1]Identical with Federal Criminal Rule 7(e), 18 *U. S. C. A.*

*States*, 10 *Cir.*, 203 *F.* 2d 878, certiorari denied 345 *U. S.* 997, 73 *S. Ct.* 1139, 97 *L. Ed.* 1403; *United States v. Smith, D. C. Pa.*, 107 *F. Supp.* 839; *United States v. Seagraves, D. C. Guam*, 100 *F. Supp.* 424; *Frederick v. United States*, 9 *Cir.*, 163 *F.* 2d 536. None of the decided federal cases presents a problem similar to the problem presented here. In the federal cases the courts dealt with an original action before the court. This case concerns an amendment to an erroneous information which was filed in this Court on appeal after a trial and conviction in the Municipal Court of the City of Wilmington.

Defendant orally conceded that the information originally filed in this Court was in error and that no conviction could have been obtained on the information filed in this Court since it charged a different offense than was charged in the Municipal Court. At any rate, I am of the opinion that the information originally filed in this Court which charged the defendant with aiding and abetting an unknown person to sell a number to an unknown person is not the same as the crime of selling a number to a specified person, with which the defendant was charged in the information filed in the lower court.

■■ An appeal from a judgment of the Municipal Court effects a removal of the cause to this Court and involves a hearing *de novo. Donaghy v. State*, 6 *Boyce* 467, 100 *A.* 696, 708. The right of appeal extends only to a review by retrial of the same cause that was had and decided below. *Monastakes v. State*, 2 *W. W. Harr.* 549, 127 *A.* 153, 155. The new information which is filed in this Court by the Attorney General must be based on the record sent up by the court below and must be for the same offense which the record discloses was the offense for which the defendant was tried below. *DuPont v. Family Court for New Castle County, Supreme Court, Del.*, 153 *A.* 2d 189, 193; *Monastakes v. State, supra.* Cf., *Dominick v. Harmony Talking Machine Co.*, 4 *Boyce* 293, 88 *A.* 468,

469; *Norton v. Janvier,* 5 *Harr.* 346; *Lord v. Townsend,* 5 *Harr.* 457.

■■ Defendant could not have been convicted of the offense charged in the original information filed in this Court since the offense as disclosed by the record is not the same offense for which the defendant was tried below. The faulty information filed in this Court would have been quashed at any time on application. *State v. Harris,*[2] 6 *Terry* 377, 75 *A.* 2d 214.

Defendant knew or should have known that he could not properly be tried on the information as filed in this Court, since under our existing law the information filed in this Court charged no offense upon which the defendant could be tried. The amended information in this Court merely reflected the record of the proceedings below and charged the same offense on which the defendant was tried by information in the Municipal Court. Since the information filed in this Court must be in conformity with the record of the proceedings below, there was no new offense charged by the amended information that could in any way prejudice the rights of the defendant. No offense was charged by the amended information that should not have otherwise been charged.

The framers of Rule 7(e) may not have taken appeals into consideration when the rule was written. They may have had in mind only original information filed in this Court under this Court's original and concurrent jurisdiction. I do not believe that it was the intention of the framers of this rule to defeat the right of the State to amend in a proper case so

---

[2]In another aspect of this case the court held a proceeding in Family Court of a charge of non-support of minor illegitimate child, a criminal matter, must be started by information. *Harris v. State,* 7 *Terry* 111, 82 *A.* 2d 387.

as to properly reflect the proceedings in the court below. *Cf. State v. Moore,* 2 *Penn.* 299, 46 *A.* 669.

I conclude that the amended information was one that Rule 7(e) did not prohibit, and that it was properly allowable by the Court in its discretion under the circumstances of this case.

Motion for judgment of acquittal denied.