THE STATE OF DELAWARE v. CHARLES E. POWELL.

(*March* 29, 1965)

LYNCH, J. sitting.

*F. L. Peter Stone,* for the State.

*Victor F. Battaglia,* for defendant.

Superior Court of Delaware for New Castle County, No. 90 Criminal Action, 1964.

LYNCH, Judge.

On September 30, 1963 the Attorney General, through one of his deputies, filed an information in the Municipal Court of Wilmington, charging that defendant—

"* * * did unlawfully commit a misdemeanor, to-wit: Did sell intoxicating liquor at 603 W. 3rd Street, he the said, Charles E. Powell, not being the holder of a license to that effect, still in force, contrary to and in violation of Section 901, [Title 4 *Del. C.*] Sub-section 6 against the form of the Act of the General Assembly in such case made and provided, and against the peace and dignity of the State."

Defendant was convicted and took an appeal to this court. In this court the Attorney General filed a new information—in which defendant was charged that he—

"* * * on the 30th day of September, 1963 in the County of New Castle did then and there sell alcoholic liquor, to wit: 1 shot Imperial Whiskey to one Patrolman Ralph Pryor, at 603 W. 3rd St., Wilmington, Delaware, the said Charles E. Powell not being the holder of a proper and valid license to that effect, contrary to Title 4, Section 901 (4) of the Delaware Code of 1953."

On March 11, 1964, defendant moved to dismiss the information "for the reason that the defendant was charged with an offense below which is different from the offense charged" in the information filed on appeal.

Title 4 *Del. C.* Sec. 901 has six subsections and the entire section reads:

"Whoever—

"(1) Peddles any alcoholic liquor; or

"(2) Keeps, sells or dispenses alcoholic liquor in a disorderly house; or

"(3) Being an employee of the Commission, infringes any of the provisions of this title, otherwise than by purchasing alcoholic liquor in the manner mentioned in section 307 (b) of this title; or

"(4) *Not being the holder of a proper and valid license, or not being so authorized by this title, sells any alcoholic liquor in this State;* or

"(5) Not being the holder of a license under this title, claims or represents that he is the holder of a license or exhibits a document purporting to be a license under this title; or

"(6) *Sells, offers for sale, or keeps with the intent to sell for beverage purposes, denatured alcohol, perfume, lotion, tincture, fluid extract or essence, or other liquid or solid not originally manufactured or intended for use as a beverage, containing more than one-half of one per cent of ethyl alcohol by volume—*

shall, in addition to the payment of costs, be imprisoned not less than 3 nor more than 6 months." (Emphasis supplied)

Analysis of the section shows it condemns six acts as illegal—but only one subsection, i. e. subsection 4, makes reference to the sale, without a license, of "any alcoholic liquor in this State." Subsection 6 makes it illegal to sell for beverage purposes—with or without a license—

"* * * denatured alcohol, perfume, lotion, tincture, fluid

extract or essence, or other liquid or solid not originally manufactured or intended for use as a beverage, containing more than one-half of one per cent of ethyl alcohol by volume."

Hence, when the Attorney General charged defendant, in the Municipal Court, with the unlawful sale of intoxicating liquor, without a license, defendant was fully apprised of the crime with which he was charged—*selling* "alcoholic liquor" *without being licensed to do so*. The fact that, through mistake or inadvertence, the Attorney General charged violation of Title 4 *Del. C.* Sec. 901 (6) instead of Title 4 *Del. C.* Sec. 901 (4) could not have misled or prejudiced defendant, since that section condemns selling certain named articles "as a beverage" *with or without a license,* and the information recited no facts tending to charge defendant with the sale or offer of sale of any of the substances named and included in 4 *Del. C.* Sec. 901 (6); consequently, defendant really can claim no prejudice.

Rule 7 (c) of the Criminal Rules of Procedure of the Superior Court *Del. C.* Ann. provides:

"* * * The * * * information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged. * * The * * * information shall state * * * the official or customary citation of the statute, * * * or other provision of law which the defendant is alleged therein to have violated. Error in the citation or its omission shall not be ground for dismissal of the * * * information or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice."

Defendant argues, quite strenuously, that since Title 4 *Del. C.* Sec. 901 (6) relates to *the* sale of—

"denatured alcohol, perfume, lotion, tincture, fluid extract or essence, or other liquid or solid not originally manufactured or intended for use as a beverage."

He was "prejudiced" by the State—both by the information filed below

and in the State's mode of trying the case in the Municipal Court—inasmuch as he was awaiting testimony showing defendant had violated 4 *Del. C.* Sec. 901 (6) by the sale of "denatured alcohol" or "perfume" or "lotion" or a "tincture" or a "fluid extract or essence" or a "liquid * * * not originally manufactured or intended for use as a beverage," and no such evidence was tendered.

He now contends that the new information, filed in this court, which designates what it was that defendant sold, without being licensed to do so, charges an offense that differs from that charged in the court below. The contention is not well made since each information charged defendant *with the sale* of "alcoholid liquor" or "intoxicating liquor" *without a license.* Both informations informed defendant of what the State was going to prove and either information made clear to defendant and his counsel that the State was not going to undertake to prove a case covered by Title 4 *Del. C.* Sec. 901 (6).

Rule 7 of the Criminal Rules of this court specifically provides that "error in the citation" of the statute "shall not be ground for dismissal of the * * * information." In the Cumulative Supplement of Volume 4, Barron and Holtzoff, Federal Practice and Procedure, Pages 75 and 76, there are many, many cases decided by the Federal Courts construing Rule 7, Federal Rules of Criminal Procedure—which Rule is the same as our Rule 7 of the Criminal Rules. Those cases which considered misrecital of a statute or subsection of a statute in an information or indictment did not touch the question raised by defendant. No case cited by defendant in any wise supports or tends to support the position argued by the defendant.

On the other hand, *State v. Coffield,* 3 Storey 406, 171 A.2d 62 (Super.Ct.1961) is authority for the result I reach in this case. There the Trial Court, stating it had the discretion, granted a motion, made after trial, to amend the information, although it appeared that the facts alleged in the information differed from the evidence offered by the State in this court. In Coffield, the Trial Judge in this court noted the case as proven before him conformed "with the record of the

proceedings in the Municipal Court." Thus, the court in Coffield ruled no new offense was charged in the information.

Rule 7 (c) requires the Attorney General to furnish defendant with "a plain, concise and definite written statement of the essential facts constituting the offense charged" in the information; this the Attorney General did. Unfortunately, the information in Municipal Court misrecited the particular subsection of the law relating to the sale of liquor by one who is not licensed to sell; under Rule 7 (c), however, this misdescription may be ignored. The information filed in this court informed defendant of the charge he would have to defend, i.e. selling liquor without being licensed so to do—going so far as to practically plead evidence.

In all respects the facts in the two informations charged defendant with commission of the same crime. In both instances, the informations fully advised the defendant that since he was unlicensed when he made the sale of an intoxicating liquor, he broke the law, when he made such a sale.

This, in the opinion of the court, was sufficient to advise the defendant what he had to be prepared to defend, and demonstrate the two informations charged the same offense. Hence, it is the opinion of the court that the information filed in this court did not, as contended by defendant, charge defendant with commission of an offense which differs from the offense which was charged by the information filed in the Municipal Court. Defendant's motion to dismiss is therefore denied.

On Defendant's Motion for Reargument.

Consideration of defendant's motion for reargument has presented nothing that was not considered by me in my study of the case and in the preparation of my opinion of March 29, 1965. Defendant's counsel ignores the purpose and meaning of the first part of Rule 7 (c), Criminal Rules of Procedure. That rule requires the State to set forth in an information (or indictment) "a plain, concise and

definite written statement of the essential facts constituting the offense charged." As noted in the March 29, 1965 opinion (page 1) the information filed in the Municipal Court, complying with the first part of Rule 7 (c), supra, recited defendant's sale of intoxicating liquor at 603 W. 3rd Street on September 30, 1963, when the defendant was not a holder of a license to sell. It is true that in compliance with a later part of Rule 7 (c), which requires that the "information shall state * * * the official or customary citation of the statute, * * * or other provision of law which the defendant is alleged therein to have violated," the State cited Title 4 *Del. C.* Sec. 901 (6); admittedly an erroneous citation of the statute.

Defendant, however, wants to give no meaning to the following sentence in Rule 7 (c) which reads—

"* * * Error in the citation * * * shall not be ground for dismissal of the * * * information * * * if the error or ommission did not mislead the defendant to his prejudice."

The opinion of March 29, 1965 points out quite clearly· why defendant could not be misled or prejudiced; the statutory citation made no reference to the necesaity for a license to sell; and as I read the cited statute, it would have made no difference if defendant had or did not have a license, if he purported to sell, for beverage purposes, any of the items mentioned in the cited statute.

When the case was appealed to this court the Attorney General, in compliance with the first portion of Rule 7 (c), charged the defendant, in a new information, with having sold alcoholic liquor on September 30, 1963, without being licensed to do so, and furthermore specified what intoxicating liquor was sold and to whom. This was unnecessary; it was surplusage.

In the information filed in Superior Court the Attorney General recited the correct subsection of the statute which defendant violated, which subsection condemns the sale of intoxicating liquors without a license.

I feel quite strongly that defendant's counsel recognized the differences in the crime charged in the Municipal Court, as stated in the facts, as contrasted with the section of the law cited in the information filed in the Municipal Court. He cannot claim he was prejudiced in Municipal Court, nor can he be prejudiced here. An examination of the record of the Municipal Court shows that defendant was charged and convicted of selling intoxicating liquor without a license and that's the crime he has been charged with by the information filed here. That was the reason the opinion of March 29, 1965 cited *State v. Coffield.*

The motion for reargument is denied.