ERNEST DEMONIA, a/k/a ERNEST DOUGLAS, Appellant, v. THE STATE OF DELAWARE, Appellee.

(*May* 5, 1965)

WOLCOTT, Chief Justice, and CAREY and HERRMANN, Justices, sitting.

*Hiram W. Warder,* for appellant.

*Edward J. Sobeleski, Jr.,* Deputy Atty. Gen. (*Charles F. Richards, Jr.,* on the brief), for appellee.

Supreme Court of the State of Delaware, No. 75, 1964.

CAREY, Justice.

This is an appeal from sentences of the Superior Court for New Castle County based upon jury verdicts of two charges of assault and battery. The principal question raised is whether an information must allege the means by which the crime was committed.

Appellant was originally found guilty in the Municipal Court of Wilmington. The language in the informations there was that he "did make an assault upon (the victims) and did then and there beat, wound

and ill-treat" them. He appealed both convictions to the Superior Court. The informations there charged that he "did then and there make an assault and commit battery upon" the victims. Before trial, but after entry of a plea of not guilty, defendant moved for a bill of particulars as to the means defendant used to commit the alleged crimes. The record does not show any disposition of, or compliance with, this motion. On the day of trial, after the jury had been drawn, he orally made a motion to dismiss the informations on the ground that they failed to state the means. This motion was denied and the trial proceeded. The present appeal followed.

One argument made here may be quickly answered. We find no merit in it. Appellant contends that the offenses alleged in the Municipal Court informations were not the same as those alleged and proven in Superior Court. The evidence taken in the latter Court shows that he wounded the victims with a shotgun. The informations in Municipal Court charged that defendant did beat, wound and illtreat the victims, whereas those in Superior Court are silent in this respect and simply charge assault and battery. There is no indication of any difference in the evidence presented in the two Courts. It is unquestionably the law that a defendant must be tried on appeal for the same offense of which he was found guilty in the lower Court. See *State v. Coffield,* 3 Storey 406, 171 A.2d 62, and cases cited therein. In the present record, however, there is nothing to show that the appellant was charged and tried for different offenses than those charged in Municipal Court.

The principal contention is that the Superior Court informations are fatally defective because they fail to specify the means by which the assaults and batteries were committed or to set forth that the means were unknown to the State. It is argued that such an allegation is necessary under both the Sixth Amendment to the Federal Constitution and Article I Sec. 7 of the Delaware Constitution, *Del. C.* Ann., which require that an accused be informed of the nature and cause of the accusation. It is also contended that such an allegation is required by Criminal Rule 7(c) of the Superior Court, *Del. C.* Ann., which provides in part: "It may be alleged in a single count that the

means by which the defendant committed the offense are unknown or that he committed it by one or more specified means."

Defendant has cited to us no cases supporting his contention. Practically every authority we have seen holds to the contrary. 6 Am. Jur. 2d 79; 6 C.J.S. Assault & Battery Sec. 110, page 966; *Rell v. State,* 136 Me. 322, 9 A.2d 129; *Hussey v. State,* 144 Miss. 380, 109 So. 871; *State v. Twarog,* 97 N.H. 101, 81 A.2d 855. Such was the ruling in *State v. Gitaitis,* Del. Super., 193 A.2d 92. The constitutional provisions are not violated if the defendant is apprised of the nature of the offense charged with such detail as to enable him to prepare his defense and to plead the proceeding as a bar to a second prosecution. See *State v. Morrow,* 1 Terry 363, 10 A.2d 530. There are, of course, offenses in which the means constitute a material element of the crime and, in that event, an information could not properly charge the offense without including a statement of the means. An illustration of this situation is the form of indictment found in 5 Bender's Federal Practice Forms 303, cited by appellant, which covers the offense of assaulting a public officer while engaged in his official duties with a *deadly and dangerous weapon.* Omission of the emphasized words would constitute a failure to charge that offense. We are not here concerned with that type of case.

Criminal Rule 7(c) was copied from the Federal Rule bearing the same number. It requires an information to contain the essential facts constituting the offense charged. The reason for inserting the sentence concerning allegation of means, quoted above, was not to require a statement of the means; it was designed to abolish any necessity of utilizing multiple counts in order to charge the commission of the offense by different or several means, in those cases where the means must be alleged as a material element of the crime. See 4 Barron and Holtzoff, Federal Practice and Procedure, 60.

We cannot agree that the informations before us are fatally defective simply because they do not allege the means. We think they meet the fundamental constitutional requirements as spelled out in the reported cases. At the same time, we suggest that Rule 7(c). which

replaced a statute (34 L. of D. 547), was intended to prescribe something more than a statement that defendant committed an assault and battery upon the victim; we think the charge should contain a few words stating what the defendant did, but not necessarily the means he used. For example, in the present case, it would have been easy to say that defendant committed assault and battery upon the victim by shooting him in the leg. We understand that the Attorney General's office has now adopted such a practice; if our understanding is incorrect, we suggest that it be adopted.

Even though the informations here did not comply fully with the intent of the Rule, we see no reason for reversal. Appellant alleges no actual prejudice in the preparation of his defense. The history of the cases in both Courts demonstrates the lack of any difficulty in preparing for trial. In our opinion, the informations are sufficient to support a plea of double jeopardy, should occasion arise.

For the foregoing reasons, the judgments below will be affirmed.