The STATE of Delaware

v.

Willie Lee JACKSON.

Superior Court of Delaware.

New Castle.

Feb. 16, 1968.

Francis A. Reardon, Deputy Atty. Gen., for the State.

Henry A. Wise, Jr., Wilmington, for defendant.

## OPINION

CHRISTIE, Judge.

The defendant was arrested for the possession and sale of marijuana following the search of his premises pursuant to a search warrant. Thereafter, the defendant was indicted for the sale and possession of "a narcotic drug, to-wit: Marijuana" in violation of 16 Del.C. § 4702(a). Subsequently, the defendant moved to suppress the evidence obtained by the search warrant on the ground that the warrant authorized a search for narcotic drugs and the return showed marijuana had been seized, which defendant contends is not a narcotic drug.

The defendant also moved to dismiss the indictment on two grounds: 1) the statute under which the indictment was brought is unconstitutional in that it includes in the body a subject not set forth in the title of the act in violation of Article 2, Section 16 of the Delaware Constitution, Del. C.Ann. and, 2) the indictment failed to advise the defendant of the offense charged because the statute on which it is based prohibits the sale and possession of many substances the legislature did not intend to prohibit.

The *statute under which the defendant* was indicted is 16 Del.C. § 4702(a). This Section was originally enacted as a part of the Delaware Narcotic Drug Act adopted on April 18, 1935 as 40 Del.Laws Ch. 225.

The title of the Narcotic Act read in pertinent part: "An Act Defining and Relating to Narcotic Drugs and the use thereof Regulating and Prohibiting the Manufacture, Possession, Control, Sale; * * *." The body of the act when enacted and as reenacted in the Code in 1953 defines marijuana as a narcotic drug.

The defendant contends the above quoted title is unconstitutional because it violates Article 2, Section 16 of the Delaware Constitution which provides that:

"No bill or joint resolution except bills appropriating money for public purposes, shall embrace more than one subject, which shall be expressed in its title."

Defendant's contention is that marijuana is not a narcotic drug, and therefore, is not a subject which can be included within the statute, the title of which indicates that narcotics is the subject dealt with.

The first question is whether the defendant may properly challenge the constitutionality of a title to an act the provisions of which were subsequently reenacted as part of the Delaware Code. Such a challenge has been entertained but only in cases where the significance of the reenactment as part of the Delaware Code was not raised or decided. Randolph v. Wilmington Housing Authority, 37 Del.Ch. 202, 139 A. 2d 476 (1958), State of Delaware v. Chase, 11 Terry 383, 131 A.2d 178 (1957).

The title of the act by which the Delaware Code was adopted in 1953 has been held to be sufficient to meet the constitutional requirements of Article 2, Section 16 of the State Constitution. Monacelli v. Grimes, 9 Terry 122, 99 A.2d 255 (1953). The title of the act adopting the Delaware Code necessarily covers the statutes, acts and laws included therein at the date of its adoption. Since the title of the Delaware Code is adequate for the entire Code and meets constitutional requirements an attack on the validity of a title of an act which was reenacted as part of the Delaware Code is futile. State v. Durham, Del.Super., 191 A.2d 646 (1963).

If the defendant were permitted to attack the title of an act which was enacted prior to the Delaware Code and later reenacted as a part thereof, an issue then might arise as to whether the title was

adequate. This in turn might depend on whether or not marijuana is a narcotic drug within the accepted meaning of the term.

Questions similar to this have been raised in other jurisdictions which, like Delaware, have included provisions as to marijuana in their narcotic laws. Wherever the issue has been raised it has been held in effect that marijuana is a narcotic drug for purposes of statutory interpretation. Spence v. Sacks, 173 Ohio St. 419, 183 N.E.2d 363 (1962); People v. Stark, 157 Colo. 59, 400 P.2d 923 (1965); Commonwealth v. Leis and Weiss, Mass.Superior Court No. 28841–1 (1967); Gonzales v. State, 163 Tex.Cr.R. 432, 293 S.W.2d 786 (1956); People v. Rumley, 100 Cal.App.2d 6, 222 P.2d 913 (1950); Escobio v. State, Fla., 64 So.2d 766 (1953).

■ Under Delaware decisional law, the constitutional provision in question does not require the title of a new statute to go into details or to furnish an abstract, synopsis, or index of the contents of the act. Monacelli v. Grimes, supra. The constitutional requirement is satisfied if the title is sufficiently informative so as to put on notice parties interested in the general matter in such a manner as would lead them to inquire into it. In Re Opinion of the Justices, 4 Storey 366, 177 A.2d 205 (1962).

■ The portion of the title of the narcotics law, quoted above, was sufficiently informative so as to lead interested persons to inquire into the full details of the act. I am of the opinion that the Delaware Narcotics Law satisfies the requirements of Article 2, Section 16 of the State Constitution even before it was reenacted as part of the Delaware Code.

■ There is still a third reason why the defendant cannot prevail in his attack on the title of the original act. The title includes notice that the term "narcotic drugs" is defined therein. With such notice in the title the legislature is especially free to define the term differently

than might be the usual definition of such term. In this act the legislature went on to provide that " 'narcotic drugs' means * * * marihuana, marijuana, and all allied drugs of the same botanical family * * *."

Defendant's motion to dismiss the indictment based on the contention that the title of the underlying act is constitutionally deficient is denied.

The next question is whether the indictment advised the defendant of the offense with which he is charged.

■ Under Criminal Rule 7(c), Del.C. Ann., an indictment must contain a plain, concise written statement of the essential facts constituting the offense charged. The indictment must apprise the defendant with such detail as to enable him to prepare his defense and to plead the proceeding as a bar to a second prosecution for the same offense. Demonia v. State, Del., 210 A.2d 303 (1965).

The defendant argues that the term "marijuana" is so broad that it covers many substances which the legislature did not intend to cover and, therefore, the indictment alleging the sale and possession of marijuana is so indefinite that it fails to properly charge an offense.

The defendant's argument may appear to have some merit for, as he argues, if marijuana is a term sometimes applied to the hemp plant and products thereof which have no harmful or narcotic qualities and sometimes to describe only the flowering tops which have qualities associated with narcotics then an indictment charging defendant with the possession and sale of marijuana may fail to properly charge a specific offense in view of the particularity demanded by Criminal Rule 7(c) as interpreted by the *Demonia* case, supra.

■ However, the defendant's argument fails to take into account the fact that the term "marijuana" is generally accepted as referring to that portion of the

plant which has what is commonly thought of as narcotic qualities. This meaning is so common that there can be no prejudicial misunderstanding when the statute prohibits unauthorized possession or sale of marijuana as a drug. The term marijuana as used in the statute is not so indefinite and vague as to render uncertain its meaning. An indictment in the language of the statute is sufficient and the indictment here is sufficient. This result has been reached previously by this Court in answering a similar contention. State v. Miller, 11 Terry 286, 129 A.2d 548 (1957).

The defendant's motion to dismiss the indictment on the ground it does not properly advise the defendant of the charge is denied.

As a consequence of determining that marijuana is a narcotic drug within the meaning of the statute, the defendant's motion to suppress the evidence obtained by the search warrant is also denied.

All the pending defense motions are denied.

It is so ordered.