Joseph **ROSSITTO**, Appellant,

v.

**STATE** of Delaware, Appellee.

Supreme Court of Delaware.

Jan. 12, 1972.

Henry A. Wise, Jr., Wilmington, for appellant.

Francis A. Reardon, Deputy Atty. Gen., Wilmington, for appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice:

This is an appeal from a conviction in the Superior Court of a violation of 11 Del.C. § 669 which prohibits anyone from keeping, exhibiting, using, or being concerned in interest in keeping, exhibiting or using "any book, device, apparatus or paraphernalia, for the purpose of receiving, recording, or registering bets or wagers upon the result of any trial or contest, in this State or elsewhere, of skill, speed or power of endurance of man or beast; * * *".

Rossitto was convicted in the Municipal Court under this statute. He appealed to the Superior Court. The State thereupon filed an information which Rossitto moved to dismiss on the ground that the information failed to properly charge an offense in the Superior Court as well as in the Municipal Court. The State thereupon moved to amend the information under Criminal Rule 7(e), Del.C.Ann. The State's motion was granted and thereupon a new information was filed which in pertinent part reads as follows:

"Joseph P. Rossitto, on the 15th day of March, 1969, in the County of New Castle, was then and there unlawfully concerned in keeping paraphernalia for the purpose of receiving and recording bets or wagers upon the result of any trial or contest in this State or elsewhere to-wit; a horse, * * *."

Rossitto moved to dismiss the amended information but, without any action on this motion, the case proceeded to trial before the Court without a jury. Rossitto was found guilty as charged and sentenced to pay a fine of $1,000 and be imprisoned for three months. He then appealed to this Court.

Rossitto first argues that the information upon which he was convicted in the Municipal Court was improper because it did not set forth the commission of an offense against the statutes of this State. The argument is that there being no valid judgment of conviction in the Municipal Court, jurisdiction by way of appeal and trial *de novo* did not exist in the Superior Court. The argument is based squarely on a contention that the information of the Municipal Court was inartistically drawn and did not sufficiently inform him of the nature of the charge against him.

We think the point comes too late. The matter is controlled by Martin v. State, 10 Terry 344, 116 A.2d 685 (Super.Ct.1955) in which it was held that the failure to make a timely objection in the Municipal Court to the sufficiency of the information amounts to a waiver thereof.

Next, Rossitto argues that the amended information in the Superior Court on appeal does not clearly show that he was charged in the Superior Court with the same offense for which he was convicted below in Municipal Court, and is insufficient to charge him with an offense.

It is, of course, true that a defendant on appeal to the Superior Court must be charged with the same offense of which he was found guilty in the lower court. State v. Coffield, 3 Storey 406, 171 A.2d 62 (Super.Ct.1961).

The amended information, however, in the Superior Court charged Rossitto with the same offense as in the Municipal Court, that is, a violation of 11 Del.C. § 669. Furthermore, by going to trial without the disposition of his motion to dismiss the information, Rossitto waived any objection as to the specificity of the information.

However, we think the amended information was sufficient in form and substance to withstand Rossitto's motion to dismiss it.

■ It is not necessary for the State to allege in an information exact details concerning the manner in which the accused defendant has violated the statute with which he is charged. It is sufficient if the information informs the accused of the nature of the offense charged with such detail as to enable him to prepare his defense and to plead the proceeding as a bar to a second prosecution. Demonia v. State, 210 A.2d 303 (Supr.Ct.1965). The matter is controlled by Pepe v. State, 3 Storey 417, 171 A.2d 216 (Supr.Ct.1961), and State v. Martin, 2 Storey 561, 163 A.2d 256 (Super.Ct.1960).

We think the amended information adequately complies with the requirements of the law of this State as to sufficiency. If Rossitto desired more detailed information, he could have obtained such by an application for a bill of particulars under Criminal Rule 7(f).

The conviction below is affirmed.