**Sebastian ROSSITTO, Appellant,**

v.

**STATE of Delaware, Appellee.**

Supreme Court of Delaware.

April 28, 1972.

John M. Bader, of Bader, Dorsey & Kreshtool, Wilmington, for appellant.

Peter M. Sieglaff, and Francis A. Reardon, Deputy Attys. Gen., Wilmington, for the State.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice:

This is an appeal from a conviction under 11 Del.C. § 669 of keeping and maintaining gambling paraphernalia for the purpose of receiving and recording bets. 11 Del.C. § 669 reads in part as follows:

"§ 669. *Betting; recording bets; keeping recording equipment; ownership or occupancy of premises; parimutuel exception*

"(a) Whoever keeps, exhibits or uses, or is concerned in interest in keeping, exhibiting or using, any book, device, apparatus or paraphernalia, for the purpose of receiving, recording, or registering bets or wagers upon the result of any trial or contest, in this State or elsewhere, of skill, speed or power of endurance of man or beast; * * *" [shall be guilty of a misdemeanor].

The appellant was arrested at his home. At the time of his arrest certain articles were seized and later admitted into evidence in his subsequent trial. These articles consisted of a package of "dissolvo" paper, the heavy door on the bedroom in which the appellant was found containing slide bolts, a card table, a chair and cushion, a pen and pencil, a portion of the Wil-

mington Morning News containing racing information, a plastic bucket containing bluish water; two radios, and two telephones, which rang a total of 15 to 25 times while the arresting officers were present.

The State called as an expert witness a sergeant of police, a member of the vice squad, who testified that he was familiar with the methods of operation of bookmakers and numbers writers, and that the evidence admitted against the appellant was consistent with either the taking of bets on horse races, that is, acting as a bookmaker, or with the operations of a numbers operator, that is, taking bets on numbers.

Appellant argues that the evidence, assuming it is sufficient to convict of a crime, is as consistent with the operations of a bookmaker as with a numbers writer and, therefore, the defendant cannot be convicted of a violation of 11 Del.C. § 669 which is the so-called Bookmaker's Statute. Basically, the argument is that since the State's evidence is as consistent with having an interest in lottery policy writing as with keeping book, the State's case is fatally defective in the failure to prove an offense under § 669 which is ordinarily regarded as the statute against keeping book.

Presumably, if this appellant had been indicted for an offense under § 662, the so-called Numbers Writer's Statute, the same argument would have been made that the State had failed to prove an interest in lottery keeping.

As a part of the State's case a detailed explanation of the method of lottery writing was made by the State's expert witness. It appears from this testimony that the numbers writing game, today anyway, is conducted by determining the winning number as a result of some nine horse races, and the amounts of money wagered on the horses ending win, place and show.

It is to be noted that § 669 prohibits the keeping of paraphernalia or having an interest in receiving or registering of "bets or wagers upon the result of any trial or contest, in this State or elsewhere, of skill, speed or power or endurance of man or beast; * * *" Since the State's evidence is clear that the winning number in a numbers racket is determined as the result of the end result of a series of horse races, it seems clear to us that the activity falls squarely within the definition contained in § 669.

It is true that the evidence produced by the State is as consistent with the keeping of book as it is with numbers writing, but under the language of § 669, in our opinion, that makes no difference, since whatever result follows is the result of the racing of horses.

The conviction below is affirmed.