**UNITED STATES of America ex rel. Joseph P. ROSSITTO, Petitioner,**

v.

**Raymond W. ANDERSON, Warden, Respondent.**

**No. 178.**

United States District Court, D. Delaware.

Feb. 12, 1973.

Emmett J. Conte, Jr., Wilmington, Del., for petitioner.

Francis A. Reardon, Deputy Atty. Gen., Wilmington, Del., for respondent.

## MEMORANDUM AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

STEEL, District Judge.

A petition for habeas corpus has been filed by Joseph P. Rossitto against Raymond W. Anderson, Warden, seeking his release from custody under two judgments of the Superior Court of Delaware convicting him of violating 11 Del. C. § 669(a) [1] pertaining to keeping and maintaining gambling paraphernalia. Petitioner alleges that he was tried and incarcerated in violation of his constitutional rights in a number of respects. In his brief (argument having been waived) petitioner has seemingly abandoned all of the constitutional claims asserted in his petition save one: that 11 Del.C. § 669, under which he was charged and convicted, violates the Fourteenth Amendment in that it is so vague, indefinite and uncertain that a conviction thereunder followed by a fine and imprisonment deprived petitioner of his liberty without due process of law.

Petitioner has exhausted all available state remedies.

Petitioner argues that § 669(a) is constitutionally invalid because it sets up no ascertainable standard of guilt and insufficiently defines the acts or conduct which constitute the crime. More specifically, he claims that the statutory word "paraphernalia" is so vague and indefinite as to be of indeterminate meaning.

The vagueness argument in the instant case was rejected by the Delaware Supreme Court. In doing so it applied correct federal constitutional standards for determining the degree of definiteness required in a criminal statute and found that § 669 adequately met those standards. Furthermore, prior to peti-

---

1. It provides:

    "(a) Whoever keeps, exhibits or uses, or is concerned in interest in keeping, exhibiting or using, any book, device, apparatus or paraphernalia, for the purpose of receiving, recording, or register-ing bets or wagers upon the result of any trial or contest, in this State or elsewhere, of skill, speed or power of endurance of man or beast; . . .

    Shall be fined or imprisoned as provided in section 670(A) of this title."

tioner being charged with violating § 669, State v. DiMaio, 185 A.2d 269 (Del. Super.1962) had been decided. There, in rejecting the contention of the defendant that § 669 failed to satisfy the constitutional standard of definiteness in its use of the word "paraphernalia", the Court said:

> " 'Paraphernalia' as used in an antigambling statute means 'gambling paraphernalia'. The word 'paraphernalia' is in common usage in the law pertaining to gambling. In its generally accepted meaning it may include miscellaneous articles and belongings used in gambling."

185 A.2d at 271. Any question as to the meaning of "paraphernalia" as used in § 669(a) was therein put to rest, and properly so insofar as any claim of unconstitutional vagueness is concerned.

■ Rossitto makes one argument in this Court which seems not to have been discussed in earlier Delaware cases. He points out that in Rossitto v. State, 291 A.2d 290 (Del.1972)—a case with the same name but not involving petitioner —the Supreme Court sustained a conviction of a defendant who had been charged under § 669 with "keeping and maintaining gambling paraphernalia for the purpose of receiving and recording bets." The Court found that the evidence was as consistent with bookmaking as with numbers writing. It held, however, this would not affect the validity of the conviction since § 669 made it a crime to maintain paraphernalia for the purpose of receiving and recording bets in connection with either activity. Because of this State Court interpretation—admittedly binding upon this Court— petitioner argues that the statute is so vague that men of common understanding must necessarily guess at its meaning before they can know which of their activities, if any, are proscribed by the statute. It is unnecessary to consider

this argument. Whether or not a statute is vague as it applies to any and all possible situations is not the question. The criterion of statutory vagueness is a more limited one. The sufficiency of the notice required by a criminal statute as to the action which is proscribed must be, ascertained in the light of the conduct of the defendant who is charged in the particular indictment or information. United States v. National Dairy Corp., 372 U.S. 29, 31–33, 83 S.Ct. 594, 9 L.Ed.2d 561 (1963).

■ In the instant case the information charged the petitioner with violating § 669 by "keeping paraphernalia for the purpose of receiving and recording bets or wagers upon the result of any trial or contest in this State or elsewhere, to-wit; a horse . . ."[2]

With this information before him petitioner was left in no doubt that the charge of violating § 669 was keeping paraphernalia for the purpose of bookmaking with respect to horse races. In its application to petitioner, therefore, the statute was not unconstitutional for vagueness.

In United States v. Raines, 362 U.S. 17, 21, 80 S.Ct. 519, 522, 4 L.Ed.2d 524 (1960) the Court said:

> "[O]ne to whom application of a statute is constitutional will not be heard to attack the statute on the ground that impliedly it might also be taken as applying to other persons or other situations in which its application might be unconstitutional." (citing many cases.)

■ Although the petition makes no claim to a First Amendment violation, this argument is advanced in petitioner's brief (PB 15, et seq.). There it is said that the vice of vagueness in regulatory statutes finds particular application in cases of enactments limiting communicative freedoms. This principle has significance, it is contended, because

---

2. The information is quoted in Rossitto v. State, 287 A.2d 669, 670, another decision in the instant case. The other information which led to the second conviction is not part of the record and is not shown by any of the reported cases. It will be presumed that it is the same as the one quoted in the text.

**1130**

the evidence upon which petitioner's conviction was based was possession of newspapers, radio and other innocuous articles of communication. Section 669 (a) in no way serves to stifle freedom of expression in these media. It is directed only against the use which is made of some of the information which they contain. This limitation impinges upon no First Amendment rights.

The petition will be denied.

So ordered.