**Melvin A. SLAWIK, Plaintiff,**

v.

**Henry R. FOLSOM et al., Defendants.**

Superior Court of Delaware,
New Castle County.

Submitted May 5, 1978.
Decided June 21, 1978.

Sheldon N. Sandler, of Bader, Dorsey & Kreshtool, Wilmington, for plaintiff.

Carolyn Berger, Dept. of Justice, of the State of Delaware, for defendants Tribbitt and the State of Delaware.

Catherine S. Mulholland, County Law Dept. of New Castle County and Howard M. Berg, Wilmington, for defendants Folsom, Jornlin and New Castle County.

## OPINION

WRIGHT, Judge.

This case is before the Court on a motion to dismiss filed by defendants, Sherman Tribbitt ("Tribbitt") and the State of Delaware ("State") and on a motion for summary judgment filed by Defendants, New Castle County ("County"), Henry R. Folsom ("Folsom") and Mary Jornlin ("Jornlin"). Plaintiff Melvin Slawik ("Slawik") has also filed a motion for summary judgment.

In this suit, Slawik seeks to recover damages for his alleged wrongful removal from the office of County Executive. While there are no material facts in dispute, a review of the facts is necessary in order to understand the positions of the various Defendants. Slawik was elected in November, 1972, to serve as County Executive for New Castle County from January, 1973, until January, 1977. However, on March 9, 1976, he was found guilty after a jury trial in the United States District Court for the District of Delaware of three counts of making false declarations to a grand jury in violation of 18 U.S.C. Section 1623. On March 11, 1976, Tribbitt, acting in his official capacity as governor of the State of Delaware, removed Slawik from office pursuant to Article XV, Section 6 of the Delaware Constitution of 1897 which states:

"All public officials shall hold their offices on the condition that they behave themselves well. The Governor shall remove from office any public officer convicted of misbehavior in office or of any infamous crime."

Once Slawik was removed from office, Folsom, who had previously been elected County Council President, succeeded to the office of County Executive pursuant to the provisions of 9 Del.C. Section 1114. Folsom served until the first Tuesday following the general election in November, 1976, when Jornlin took over because of her election to that office.

Slawik, after being sentenced on April 21, 1976, appealed to the United States Court of Appeals for the Third Circuit and, on January 3, 1977, that Court reversed the decision of the District Court.

The threshold question that must be resolved is whether Slawik was properly removed. Slawik argues that the provisions of Article XV, Section 6 of the Delaware Constitution were improperly applied because he had not been convicted at the time of his removal. He feels that a public official cannot be considered to have been convicted of a crime until, at the very least, that official has been sentenced. Ideally, Slawik would have this Court rule that a conviction does not occur until all appeal possibilities have been exhausted. The Defendants argue that Slawik's removal was proper. Since there are no material facts in dispute and since a question of law is presented, this Court can enter a judgment based on the record before it.

The term "convicted" is given a meaning that conforms to the context in which it is being used. As Judge (now Chief Justice) Herrmann said in *Martin v. State,* Del.Super., 116 A.2d 685 (1955):

"The word 'convicted' is ambiguous; it is a *verbum aequivocum.* (citation omitted). The meaning of the word usually varies with the context of the statute in which it is used. (citation omitted). In its technical legal sense, the word includes the status of being guilty of, and sentenced for, a criminal offense, whether that status is established after confession of guilt by a guilty plea or after decision of a tribunal upon an assertion of innocence. (citations omitted). In common parlance, however, a person has been 'convicted' when he has asserted his innocence and has been found guilty by a jury or a court. (citations omitted). In the American College Dictionary the word 'convict' is defined: 'To prove or declare guilty of an offense, after a legal trial.' "

In the present case, Slawik was removed from office after a verdict of guilty was rendered by the jury but before he was sentenced. The question is whether that

verdict is sufficient to constitute a conviction. Public policy indicates that where an official holding a position of public trust and confidence is found guilty of an infamous crime, that trust and confidence is undermined as of the time of the jury verdict. The Court in *People ex rel. Keenan v. McGuane,* 13 Ill.2d 520, 150 N.E.2d 168 (1958), cert. den. 358 U.S. 828, 79 S.Ct. 46, 3 L.Ed.2d 67 (1958) stated the policy argument very well when it said:

"Respect for the law and confidence in public officers cannot be compelled. These attributes stand as a voluntary tribute to just laws and integrity in public offices. While they exist, both the law and the official will retain public trust. Confidence in an elective official is destroyed when he is convicted of an infamous crime. . . . While neither the constitution nor the statutes effecting its purpose define the term 'conviction', yet respect for the law and deference to the transcendent trust placed in public officials requires that such officer forfeit his office after the presumption of his innocence is dispelled by conviction of an infamous crime in a trial court."

A majority of jurisdictions take the position that conviction occurs after a trial court decision. See generally Anno. 71 A.L.R.2d 593. This view is supported in this State by the Debates of the Constitutional Convention of 1886–1897.[1]

The Court is aware of the cases cited by Slawik arguing that sentencing is necessary in order to constitute a conviction. However, those cases are distinguishable from the present case. In *Fonville v. McLaughlin,* Del.Supr., 270 A.2d 529 (1970), the Court was concerned with the interpretation of convicted as used in Article II, Section 21 of the Delaware Constitution. That section prohibits people convicted of certain crimes from running for office. The Court applied the narrow legal definition of the term because the application of that section created a disability of citizenship. Similarly, in *Commonwealth ex rel. McClenachan v.*

*Reading,* 336 Pa. 165, 6 A.2d 776 (1939), the Pennsylvania Court was dealing with a constitutional provision which precluded people convicted of certain crimes from holding office. Again, a provision creating a disability of citizenship was involved. In this case disability of citizenship is not involved, rather the issue is removal of an incumbent public official for a conviction that occurs during his term of office.

As the Washington Supreme Court stated in *State v. Twitchell,* 59 Wash.2d 419, 367 P.2d 985 (1962):

"Vacancy in, or removal from, office as a result of a conviction of a public officer is not a punishment (citation omitted). Removal from office is simply a consequence of a reasonable and sound public policy, and a condition imposed upon a public official in furtherance of public interest in good government."

Since this Court has found that Slawik's removal was proper, the defenses raised by Defendants do not need to be considered. Accordingly, the Defendants' motions are granted and the Plaintiff's motion denied.

IT IS SO ORDERED.

---

1. No specific citation is practical. Art. XV, Section 6 was debated numerous times and the question here mentioned on many occasions.