Melvin A. SLAWIK, Appellant,

v.

The NEWS–JOURNAL COMPANY, an unincorporated company owned by Gannett Company, Inc., a corporation of the State of Delaware, and Gannett Company, Inc., a corporation of the State of Delaware, Appellees.

Supreme Court of Delaware.

Submitted Feb. 11, 1981.
Decided March 12, 1981.

Thomas F. Luce, Wilmington (argued), for appellant.

Louis J. Finger (argued) of Richards, Layton & Finger, Wilmington, for appellees.

Before HERRMANN, C. J., DUFFY and HORSEY, JJ.

PER CURIAM:

Plaintiff appeals Superior Court's grant of defendant-appellee Gannett Company, Inc.'s motion for summary judgment as to plaintiff's action for defamation or libel.

The alleged libel was contained in a September 1979 News-Journal paper editorial titled, "A Career Is Blighted." The editorial concerned another individual, Wendell Howell, a public official who had recently pled guilty to a charge of official misconduct while serving as Director of the Wilmington Housing Authority. The thrust of the editorial was that Howell had thereby abused his office and therefore should resign. Noting that Howell was a black man, the editorial then stated:

> It is painful that there are those who will make Mr. Howell's case a racial one. It is

not. Other men in quite recent local memory abused their offices and forfeited their right to them: former County Director Melvin A. Slawik and Mr. Howell's former associate, Russell D. F. Dineen. Both are white.

Plaintiff does not dispute that in March, 1976 he was removed from public office as County Executive for New Castle County, Delaware, by order of the Governor of Delaware, for conviction of an "infamous crime," namely, perjury, in the making of false declarations under oath before a Grand Jury—a felony.[1] Plaintiff's convictions underlying his removal were reversed on appeal by the Third Circuit Court of Appeals. *United States v. Slawik*, 3d Cir., 548 F.2d 75 (1977). However, in the meantime plaintiff had pled guilty to a charge of obstruction of justice, namely, impeding a federal investigation into corruption in the government of New Castle County of which plaintiff was the chief executive officer.[2] (The Third Circuit affirmed without decision the District Court's denial of plaintiff's motion to set aside the judgment of conviction and withdraw his guilty plea. *United States v. Slawik*, D.Del., 427 F.Supp. 824 (1977)).

By reason of his removal from office, plaintiff does not challenge as defamatory defendant's editorial statement that plaintiff had "forfeited" his right to public office. However, plaintiff contends that his guilty plea of obstruction of justice did not constitute a conviction of misconduct in office or abuse of office. Hence, plaintiff argues that the editorial reference to plaintiff having "abused" his office was untrue and defamatory.

---

1. This Court held the removal invalid as untimely because imposed prior to sentencing. However, once sentencing occurred, the removal was valid *Slawik v. Folsom*, Del.Super., 389 A.2d 775 (1978), *rev'd*, Del.Supr., 410 A.2d 512 (1979).

2. The indictment count to which plaintiff pled guilty stated in pertinent part:
   > Defendants herein, unlawfully, willfully and knowingly did endeavor, by means of intimidation and misrepresentation to obstruct, de-

lay, and prevent Bayard Austin from communicating information relating to violations of the criminal statutes of the United States, that is, Title 18, United States Code, Sections 371, 1951, and 1952 to Special Agents of the United States Department of Justice, more particularly, Special Agents of the Federal Bureau of Investigation, duly authorized by said Department to engage in and conduct the investigations of violations of said statutes . . . .

The Court's decision rendering summary judgment for defendants[3] was based on one ruling of law and two findings of fact: (1) that whether the allegedly libelous statement was a statement of fact or an expression of opinion was a question of law for the Court, not a jury, to decide; (2) that the editorial assertion that plaintiff had "abused" his office was an expression of opinion, not a statement of fact; and (3) that the newspaper's opinion was supported by well-known facts and did not imply the existence of undisclosed facts.

On the basis of its foregoing rulings, Superior Court, by opinion dated August 1, 1980, concluded, "A statement of opinion about matters which are publicly known is not defamatory as a matter of constitutional law."

■ The Superior Court correctly determined that under the great weight of authority the issue of whether the allegedly libelous statement constituted a statement of fact or an expression of opinion was a question of law for the Court to determine rather than a question for the jury, as appellant argues. *Church of Scientology of Cal. v. Siegelman*, S.D.N.Y., 475 F.Supp. 950 (1979); *Bucher v. Roberts*, Colo.Supr., 595 P.2d 239 (1979); *Rinaldi v. Holt, Rinehart and Winston, Inc.*, N.Y.Apps., 42 N.Y.2d 369, 397 N.Y.S.2d 943, 366 N.E.2d 1299 (1977), *cert. den.* 434 U.S. 969, 98 S.Ct. 514, 54 L.Ed.2d 456 (1977). A related rule of law is that a court must in the first instance determine whether a communication is capable of defamatory meaning, particularly in cases involving constitutional principles of freedom of expression. *Cf. Greenbelt Coop. Pub. Ass'n Inc. v. Bresler*, 398 U.S. 6, 90 S.Ct. 1537, 26 L.Ed.2d 6 (1970); *Old Dominion Branch No. 496, Nat'l Asso. of Letter Carriers, AFL–CIO v. Austin*, 418 U.S. 264, 94 S.Ct. 2770, 41 L.Ed.2d 745 (1974); *Restatement (Second) of Torts*, §§ 566 and 614 (1977); *But see Good Government Group v. Superior Courts*, Cal. Supr., 22 Cal.3d 672, 150 Cal.Rptr. 258, 586 P.2d 572 (1978), *cert. den.* 441 U.S. 961, 99 S.Ct. 2406, 60 L.Ed.2d 1066 (1979). Section 614 of the *Restatement (Second) of Torts*, comment b states:

> The court determines whether the communication is capable of bearing the meaning ascribed to it by the plaintiff and whether the meaning so ascribed is defamatory in character. If the court decides against the plaintiff upon either of these questions, there is no further question for the jury to determine and the case is ended.

■ The Superior Court's findings of fact set forth under subclauses (2) and (3) on page above were issues properly determined by the Court (*See, Restatement (Second) of Torts*, § 614); and the Court's findings are "the product of an orderly and logical deductive process ... [and not] clearly wrong...." *Levitt v. Bouvier*, Del. Supr., 287 A.2d 671 at 673 (1972). The term "abuse of office" is not a word of art and in the manner used by defendant was clearly not synonymous with the crime of "misconduct in office" or "official misconduct." 11 *Del.C.* § 1211.

Even if defendant's statement were construed to mean that plaintiff had committed an abuse of office as a matter of fact, defendant's alternative defense of truth would prevail. See *Howell v. State*, Del. Supr., 421 A.2d 892 (1980) stating that "the offense of official misconduct under § 1211(2) is not confined to the failure of a public servant to perform his official powers, functions or duties." Clearly it was a duty inherent in plaintiff's office as County Executive not to obstruct a lawful investigation of corruption involving personnel of the County government. See 9 *Del.C.* § 1116; *State v. Cohen*, N.J.Supr., 32 N.J. 1, 158 A.2d 497 (1960).

\* \* \* \* \* \*

Affirmed.

---

**3.** Summary judgment was granted as to both defendants. However, defendant, The News Journal Company, had not joined in the motion by reason of its unresolved claim of lack of jurisdiction for insufficiency of service of process.