**Walter A. READ, Plaintiff-Appellant,**

v.

**NEWS–JOURNAL CO., John Curley, Gannett Co., Inc. and Tom Greer, Defendants-Appellees.**

Supreme Court of Delaware.

Submitted: Feb. 13, 1984.
Decided: Feb. 28, 1984.

Walter A. Read, pro se.

Louis J. Finger, Richards, Layton & Finger, Wilmington, for appellees.

Before HORSEY and MOORE, JJ., and HARTNETT, Vice Chancellor.

PER CURIAM.

This appeal of a libel action concerns the scope of the privilege afforded news articles reporting judicial proceedings. Plaintiff, Walter A. Read, appeals from Superior Court's dismissal of his libel suit against News-Journal Co. and Gannett Co., Inc., publisher and owner of the Wilmington Morning News, and its reporter, Tom

Greer. The Complaint alleges that Read was libeled by defendants' publishing of a news article concerning a recent Opinion of the Court of Chancery involving Read. The article reported the Court of Chancery's dismissal of a suit brought by Read against the Delaware Camera Club, Inc. and several of its officers. Read's libel complaint against the newspaper and its reporter, Greer, set forth in full both the Court of Chancery's Letter Opinion and defendants' news article thereon. The Superior Court dismissed Read's Amended Complaint for failure to state a claim upon which relief may be granted. We affirm.

■■■ The Complaint shows on its face that the news article was privileged and that the privilege was not abused. A comparison of the news report of the Court decision with the decision itself shows that the news article is a fair and accurate abridgement of the decision; and publication of an accurate and fair abridgement of a judicial proceeding is privileged under prevailing law, notwithstanding allegations of malice or ill will. *Restatement (Second) of Torts* § 611 (1976).[1] Hence, defendants are immune from suit. *Restatement (Second) of Torts* § 599 comment a; § 605A; § 611 comment a. *See also Time, Inc. v. Firestone*, 424 U.S. 448, 96 S.Ct. 958, 47 L.Ed.2d 154 (1976); *Cox Broadcasting Corp. v. Cohn*, 420 U.S. 469, 95 S.Ct. 1029, 43 L.Ed.2d 328 (1975); *Ronwin v. Shapiro*, 9th Cir., 657 F.2d 1071 (1981). The rationale for the breadth of the privilege with respect to judicial (and other governmental) proceedings is the interest of the public in having information made available to it of what occurs in such proceedings. L. Eldredge, *Law of Defamation* (1978) § 79 at 419–420, stating:

It has long been settled law that there is a privilege to publish fair reports of judicial proceedings. Mr. Justice Holmes stated the reason for it in 1884 with this quotation from an English case.

---

1. Section 611 provides:
§ 611. Report of Official Proceeding of Public Meeting.
The publication of defamatory matter concerning another in a report of an official

action or proceeding ... is privileged if the report is accurate and complete or a fair abridgement of the occurrence reported.
A judicial proceeding is covered by this privilege. *Id.*, comment d.

"Though the publication of such proceedings may be to the disadvantage of the particular individual concerned, yet it is of vast importance to the public that the proceedings of courts of justice should be universally known"; and he commented "The chief advantage to the country which we can discern ... is the security which publicity gives for the proper administration of justice." And he added that "... it is of the highest moment that those who administer justice should always act under the sense of public responsibility, and that every citizen should be able to satisfy himself with his own eyes as to the mode in which a public duty is performed."

Under this "modern" trend of the law, the accurate reporting of judicial proceedings results in complete immunity rendering the motive of a publisher irrelevant. *Boston Mutual Life Insurance Company v. Varone,* 1st Cir., 303 F.2d 155 (1962); *Shafer v. Lamar Pub. Co.,* Mo.App., 621 S.W.2d 709 (1981); *Restatement (Second) of Torts* § 611 comment b. *Gordon v. News-Journal Co.,* Del.Super., 176 A. 657 (1935) is hereby overruled to the extent it is inconsistent with the foregoing.

A comparison of the news article with the Opinion being reported fails to disclose any unfairness or inaccuracy sufficient to overcome defendants' fair report privilege. *See Medico v. Time, Inc.,* 3d Cir., 643 F.2d 134 (1981), *cert. denied,* 454 U.S. 836, 102 S.Ct. 139, 70 L.Ed.2d 116, (1981). Hence, the article published by defendant was neither libelous nor capable of defamatory meaning as the Court below ruled. *Slawik v. News-Journal Co.,* Del. Supr., 428 A.2d 15 (1981); *Andres v. Williams,* Del.Supr., 405 A.2d 121 (1979); *Spence v. Funk,* Del.Supr., 396 A.2d 967 (1978). An action for defamation cannot be premised solely on defendant's style or utilization of vivid words in reporting a judicial proceeding. *Restatement (Second) of Torts* § 611 comment f; *Sellers v. Time, Inc.,* E.D.Pa., 299 F.Supp. 582 (1969), *aff'd,* 3d Cir., 423 F.2d 887 (1970), *cert. denied,* 400 U.S. 830, 91 S.Ct. 61, 27 L.Ed.2d 61 (1970).

Thus, Superior Court did not err as a matter of law in dismissing the Complaint for failure of plaintiff-appellant to state a claim upon which relief can be granted. *Annot.,* 51 A.L.R.2d 551, 558 (1957); *Ginsburg v. Black,* 7th Cir., 192 F.2d 823 (1951), *cert. denied,* 343 U.S. 934, 72 S.Ct. 770, 96 L.Ed. 1342, *reh'g denied,* 343 U.S. 958, 72 S.Ct. 1050, 96 L.Ed. 1358 (1952).

Plaintiff's remaining grounds for reversible error are clearly without merit. Plaintiff is not entitled to a trial by jury where there is no material issue of fact and judgment should be entered as a matter of law. Superior Court did not commit legal error or abuse its discretion in its ruling limiting discovery in connection with the pending motion. No claim of denial of any constitutional rights has been stated.

\*    \*    \*

Affirmed.