## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

WILLIAM BRISCO, )
)
Plaintiff, )
)
v. ) C.A. No. N23C-12-090 EMD
)
DELAWARE STATE POLICE, et al., )
)
Defendants. )

Submitted: February 20, 2024
Decided: April 11, 2024

*Upon Consideration of*
*Defendant Forever Media of DE, LLC's Motion to Dismiss the Complaint*
**GRANTED**

William Brisco, Smyrna, Delaware, *Pro Se*, Plaintiff.

James H. McMackin, III, Esquire, Allyson M. Britton, Esquire, Michelle G. Bounds, Esquire, Morris James LLP, Wilmington, Delaware. *Attorneys for Defendant Forever Media of DE, LLC.*

**DAVIS, J.**

## I. INTRODUCTION

This is a civil defamation action filed by Plaintiff William Brisco. Mr. Brisco is representing himself. Mr. Brisco filed a *pro se* complaint against Defendants, Delaware State Police ("DSP"), Vegas Slots Online, Forever Media of DE, LLC ("WDEL")[1], and Casino.org on December 12, 2023.[2] Mr. Brisco alleges that Defendants defamed him when Defendants "released ads online stating that [Mr. Brisco] had illegal drug proceeds of 390.00" at the time of

---

[1] WDEL.com is registered with the Delaware Secretary of State as "Forever Media of DE, LLC." *See* WDEL's Motion to Dismiss, n.1 ("MTD"), D.I. No. 13.
[2] Complaint ("Compl."), D.I. No. 1.

his arrest on December 10, 2021.[3] Mr. Brisco seeks the removal of the articles written about him from the internet and $1,000,000 from each defendant.[4]

On January 8, 2024, WDEL moved to dismiss (the "Motion") the Complaint.[5] WDEL moves under Civil Rule 12(b)(6), arguing that Mr. Brisco has failed to state a valid defamation claim against WDEL.[6] In addition, WDEL contends that Mr. Brisco's defamation claim is time-barred by the statute of limitations for defamation claims.[7]

For the reasons stated below, the Motion is **GRANTED**.

## II.  RELEVANT FACTS

### A. THE ALLEGED DEFAMATION

On December 10, 2021, Mr. Brisco was "arrested at Delaware Park Casino…for felony drug possession."[8] Mr. Brisco alleges that Defendants "released ads on line stating that [Mr. Brisco] had illegal drug proceeds of 390.00" at the time of his arrest.[9] Mr. Brisco includes three exhibits with his Complaint to provide context for the allegedly defamatory statements.[10] Mr. Brisco alleges that one exhibit represents a publication by WDEL.[11] The publication's purported defamatory statement reads, "Troopers said they found suspected cocaine and drug money on him."[12]

---

[3] *Id.*
[4] *Id.*
[5] MTD ¶ 4.
[6] *Id.* ¶ 5.
[7] *Id.* ¶ 13.
[8] *See* Compl.
[9] *Id.*
[10] *See id.*, Ex. A, Ex. B, Ex. C.
[11] *See* WDEL's Reply in Support of Its Motion to Dismiss ¶ 3 ("Reply"), D.I. 21. *See also* Compl.
[12] *See* Compl., Ex. C.

## B. CURRENT LITIGATION

On December 12, 2023, Mr. Brisco filed the Complaint against DSP, Vegas Slots Online, WDEL, and Casino.org for publishing allegedly defamatory statements about him.[13] On January 8, 2024, WDEL filed the Motion.[14] On February 6, 2024, Mr. Brisco filed his Response to Motion to Dismiss/Answer (the "Response").[15] In the Response, Mr. Brisco presents argument and requests to "present [his] position to the Court at a hearing."[16] On February 20, 2024, WDEL filed the Defendant Forever Media of DE, LLC's Reply in Support of Its Motion to Dismiss (the "Reply").[17] After reviewing the Motion, the Response, and the Reply, the Court determined that no hearing on the Motion would be necessary and took the matter under advisement.

## III. PARTIES' CONTENTIONS

### A. WDEL'S MOTION TO DISMISS

#### 1. FAILURE TO STATE A CLAIM

First, WDEL argues that Mr. Brisco "wholly fail[ed] to comply with the rules of pleading and fail[ed] to state any cause of action against WDEL.[18] WDEL states that, based on the actual content of the Complaint, it is "unclear which referenced article (if any) was allegedly published by WDEL."[19] WDEL contends that Mr. Brisco does not dispute that he was arrested with $390, but rather that the $390 was drug proceeds.[20] WDEL asserts that "under Delaware and common law, 'the publication of defamatory matter concerning another in a report of an official action . . .

---

[13] *See* Compl.
[14] *See* MTD.
[15] *See* Plaintiff's Response to WDEL's Motion to Dismiss ("Response"), D.I.16.
[16] *Id.* ¶ 1.
[17] *See* Reply.
[18] MTD ¶ 4.
[19] *Id.* ¶ 8.
[20] *Id.*

3

is privileged if the report is accurate and complete or a fair abridgment of the occurrence reported.'"[21] WDEL argues that the articles included in Mr. Brisco's exhibits "all rely on the official actions of the [DSP] and quote the [DSP]'s official statement issued by the department's Public Information Officer."[22] WDEL maintains that there is no allegation that Mr. Brisco was not arrested or that DSP did not suspect that Mr. Brisco had drug proceeds at the time of his arrest; such an allegation would constitute a falsity.[23]

In addition, WDEL argues that Mr. Brisco fails to allege that WDEL published the defamatory statement to third parties.[24] WDEL contends that Mr. Brisco failed to assert "an understanding by a third party of the defamatory nature of the communication; or that the publisher had the required degree of fault."[25] WDEL emphasizes that Mr. Brisco did not identify which publication was attributable to WDEL.[26] WDEL states that Mr. Brisco failed to satisfy "the most basic requirements for a pleading and does not set forth allegations sufficient to make a defamation claim."[27]

### 2. TIME-BARRED BY THE STATUTE OF LIMITATIONS

Second, WDEL contends that even if Mr. Brisco properly stated a claim, Mr. Brisco's claim is time-barred by the statute of limitations for personal injuries.[28] WDEL states that Mr. Brisco's Complaint filed on December 12, 2023, is two years and one day after the December 11, 2023, publications described in Mr. Brisco's Complaint.[29] WDEL argues that Mr. Brisco does not allege any facts regarding filing delays or that one or more Defendants caused a delayed

---

[21] *Id.* ¶ 9 (citations omitted).
[22] *Id.* ¶ 10.
[23] *Id.*
[24] *Id.* ¶ 11.
[25] *Id.*
[26] *Id.* ¶ 11.
[27] *Id.*
[28] MTD ¶ 4, 12.
[29] *Id.* ¶ 12.

4

discovery of the publications.[30] WDEL asserts that Mr. Brisco cannot recover even if his claims were properly pled and all statements within the Complaint were accepted as true.[31]

### 3. AMENDMENT OF THE COMPLAINT WOULD BE FUTILE

Lastly, WDEL contends that "amendment of [Mr. Brisco's] Complaint would be futile because [Mr. Brisco's] claims are time-barred."[32] Further, WDEL states that Mr. Brisco cannot prove that WDEL's claims were false because the attached exhibits report on Mr. Brisco's arrest which "constitutes a government action and is privileged under Delaware and common law."[33]

### B. MR. BRISCO'S RESPONSE

Mr. Brisco responds to WDEL's Motion by clarifying that Exhibit C in his Complaint contains WDEL's publication.[34] Mr. Brisco argues that WDEL's statement that Mr. Brisco had "drug money on him" at the time of the arrest was defamation of Mr. Brisco's character.[35] Mr. Brisco agrees with WDEL's contention that Mr. Brisco is not denying his arrest, but rather that the money found on his person during the arrest was drug-related.[36] Mr. Brisco attaches two new exhibits to the Response.[37] These exhibits are police reports from his December 10, 2021, arrest.[38] Mr. Brisco states that these reports do not speculate as to whether the $396.37 seized from Mr. Brisco was drug-related.[39] The police reports state that the "$396.37…was ultimately

---

[30] *Id.* ¶ 13.
[31] *Id.*
[32] *Id.* ¶ 14.
[33] *Id.*
[34] Response. ¶ 3.
[35] *Id.*
[36] *Id.*
[37] *See id.*, Ex. A, Ex. B.
[38] *Id.*
[39] Mr. Brisco's Complaint and WDEL's MTD noted that the money amounted to $390.00. Mr. Brisco provided a new specified amount of $396.37 in his Response. *Id.* ¶ 3-4. *See also id.*, Ex. A ("In [Mr. Brisco's] right front jean pocket was $396.37 USC.")

5

returned to [Mr. Brisco]."[40] Mr. Brisco claims that the return of money, as opposed to forfeiture or admittance as evidence, proves that the $396.37 was not suspected to be drug money.[41]

Mr. Brisco responds to WDEL's argument regarding the statute of limitations by claiming he "submitted the lawsuit towards the end of the day on December 11[, 2023].[42] Mr. Brisco alleges that "[t]he praecipe is timestamped for December 11th at 3:18" which would meet the deadline of the statute of limitations.[43]

Mr. Brisco does not respond to WDEL's argument regarding fair report privilege.

## C. WDEL's Reply

WDEL states that its publication was based on the report issued by DSP's Public Information Officer on or about December 11, 2021.[44] WDEL notes that this report read: "Upon taking [Mr.] Brisco into custody, troopers discovered a digital scale and $390 of suspected drug proceeds in his possession."[45] WDEL claims that its statement, "Troopers said they found suspected cocaine and drug money on him." is not defamatory because "it was a fair and accurate abridgement of the DSP Report."[46]

In support, WDEL cites to the Restatement (Second) of Torts § 611(h) which states "[a]n arrest by an officer is an official action, and a report of the arrest . . . is therefore within the conditional privilege."[47] WDEL maintains that the DSP Report did not need to "be exact in every immaterial detail or that it conform to that precision demanded in technical or scientific reporting."[48] WDEL argues that Mr. Brisco's defamation claim fails, and the "fair report

---

[40] *Id.*, Ex. A
[41] *Id.* ¶ 3-4.
[42] *Id.* ¶ 2.
[43] *Id.*
[44] Reply ¶ 4.
[45] Reply ¶ 4 (citing Compl., Ex. A); Reply ¶ 8 (emphasis added).
[46] *Id.* ¶ 6 (referencing *Restatement (Second) of Torts* § 611(h)); *id.* ¶ 8 (emphasis added).
[47] *Id.*
[48] *Id.* ¶ 9.

6

privilege" applies to WDEL because: (i) WDEL's article identified the DSP Report as its source; (ii) the article referred to Mr. Brisco's money as "suspected" drug proceeds, as reported by DSP; and (iii) WDEL's article was a fair and accurate abridgment of the DSP Report.[49]

Finally, WDEL notes that the official court docket reflects that Mr. Brisco's Complaint was filed on December 12, 2023, at 10:45 AM EST, contrary to Mr. Brisco's claim of a 3:18[PM] timestamp on December 11, 2023.[50] As such, even if Mr. Brisco's defamation claim was properly pled, WDEL argues that the claim would be time-barred by the statute of limitations.[51]

## IV. STANDARD OF REVIEW

Upon a motion to dismiss, the Court (1) accepts all well-pled factual allegations as true, (2) accepts even vague allegations as well-pled if they give the opposing party notice of the claim, (3) draws all reasonable inferences in favor of the non-moving party, and (4) only dismisses a case where the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances.[52] However, the court must "ignore conclusory allegations that lack specific supporting factual allegations."[53]

## V. DISCUSSION

### A. MR. BRISCO HAS FAILED TO STATE A CLAIM FOR DEFAMATION

The Complaint fails to plead a valid defamation claim.[54] To state a claim for defamation, a plaintiff must allege: "(1) a false and defamatory communication concerning the plaintiff was made; (2) the communication was published to third parties; (3) the third party understood the

---

[49] *Id.* ¶ 10.
[50] *Id.* ¶ 11.
[51] *Id.* ¶ 11-12.
[52] See *Central Mortg. Co. v. Morgan Stanley Mortg. Capital Holdings LLC*, 227 A.3d 531, 536 (Del. 2011); *Doe v. Cedars Academy*, No. 09C-09-136, 2010 WL 5825353, at *3 (Del. Super. Oct. 27, 2010).
[53] *Ramunno v. Crawley*, 705 A.2d 1029, 1034 (Del. 1998).
[54] *See* Compl. (lacking the elements needed to establish a defamation claim); *see also* MTD ¶ 8-11.

7

defamatory nature of the communication; (4) the publisher was at fault; and (5) the plaintiff suffered an injury as a result."[55] "At a minimum, a plaintiff in a defamation suit must identify the substance of the defamatory statements and whether they were actually published."[56]

Mr. Brisco states that "multiple sources released ads on line stating that [Mr. Brisco] had illegal drug proceeds of 390.00."[57] Mr. Brisco attached three exhibits to his Complaint, but Mr. Brisco does not identify which Defendant published the defamatory statement.[58] The Response clarifies that Complaint Exhibit C is attributable to WDEL.[59]

WDEL's statement, "Troopers said they found suspected cocaine and drug money on him." was based on the DSP's Report of Mr. Brisco's December 10, 2021, arrest.[60] WDEL did not state that Mr. Brisco, in fact, had drug proceeds on his person at the time of his arrest.[61] WDEL's statement was derived from the DSP's Report of Mr. Brisco's arrest.[62] Because there is no falsity in WDEL's statement, Mr. Brisco is unable to meet the first requirement of a defamation claim.

In support of this argument, WDEL relies on *Read v. News-Journal Co.*[63] In *Read*, the Supreme Court relied on Restatement (Second) of Torts § 611 and held that the publication of "judicial (and other governmental) proceedings is the interest of the public in having information made available to it of what occurs in such proceedings."[64] The *Read* plaintiff sought recovery from a newspaper for its "publishing of a news article concerning a recent Opinion of the Court

---

[55] *Conley v. Conley*, 2015 WL 7747431, at *1 (Del. Super. Nov. 19, 2015).
[56] *Id.*
[57] Compl.
[58] *Id.*, Ex. A-C.
[59] Response.
[60] Compl., Ex. A; Reply ¶ 4.
[61] *See* Response., Ex. C.
[62] Reply ¶ 8.
[63] 474 A.2d 119 (Del. 1984)
[64] *Id.* at 120 (citation omitted).

8

of Chancery involving Read."[65] The Supreme Court held that the plaintiff was not entitled to relief because the "news article was privileged and that the privilege was not abused."[66] The Supreme Court noted that "[a] comparison of the news report of the Court decision with the decision itself shows that the news article is a fair and accurate abridgement of the decision."[67]

The Court similarly finds that the WDEL news account of the DSP's Report is a fair and accurate abridgment of that report.[68] WDEL's communication of an official report of the state is privileged, and Mr. Brisco's claim for defamation cannot proceed.[69]

Mr. Brisco also fails to properly plead the remaining four elements of a defamation claim in his Complaint.[70] Mr. Brisco did not identify that WDEL published the statement to third parties (although under Civil Rule 12(b)(6), the logical inference is that the statement was published), nor did he demonstrate an understanding by the third parties that the statement was defamatory.[71] Mr. Brisco also does not establish that WDEL had the required degree of fault.[72] While Mr. Brisco requests relief of $1,000,000 from each defendant, Mr. Brisco does not properly state any injury that would give rise to such recovery.[73] These faults could likely be "repaired" with the filing of an amended complaint; however, the Court's holding that the WDEL news account is a fair and accurate abridgment of the DSP's Report would make such amendments futile.

---

[65] *Id.*
[66] *Id.*
[67] *Id.*
[68] Reply ¶ 8; *see* Response., Ex. C.; *see also* Compl., Ex. A.
[69] Reply ¶ 10.
[70] *See* Compl.; MTD ¶ 11.
[71] *See* Compl.; MTD ¶ 11.
[72] *Id.* (referencing *Read v. News-Journal Co.*, 474 A.2d 119 (Del. 1984)).
[73] *See* Compl. ("[The defamation] caused emotional distress because I knew the statement was not true.").

9

## B. Mr. Brisco's Claim Against WDEL Is Not Barred By The Statute Of Limitations

Claims for defamation must be pled "two years from the date upon which it is claimed that such injuries were sustained."[74] WDEL's article about Mr. Brisco's arrest was posted on December 11, 2021.[75] The Complaint was filed on December 11, 2023—two years after the WDEL published the statement regarding Mr. Brisco.[76] The time stamp on the Court's Praecipe is December 11, 2024. Mr. Brisco's claim against WDEL is not time-barred.[77]

## VI. CONCLUSION

For the reasons stated above, the Court **GRANTS** the Motion.

**IT IS SO ORDERED.**

Dated: April 11, 2024
Wilmington, Delaware

/s/ *Eric M. Davis*
Eric M. Davis, Judge

---

[74] 10 Del. Code § 8119.

[75] *See* Compl., Ex. C.

[76] The Court notes that e-filing in this instance is different than when Mr. Brisco hand-delivered the Complaint, CIS, Praecipe and alike to the Court for filing. The Court then e-filed for him on December 12, 2023.

[77] *See Molina v. Anchor Motor Freight, Inc.*, 92 A2d 294 (Del. Super. 1952) (day of the incident is not to be counted when calculating the applicable statute of limitations).